THE PEOPLE OF THE STATE OF ILLINOIS, plaintiffs in error, v. W.LLIAM L. PIERCE, defendant in error.

*Error to Will.*

The laws in force in relation to the canal and canal lands authorize the agent to bring suits for trespasses committed thereon, and he may employ any attorney at law to aid him in the prosecution of such suits.   He is not limited to the Attorney General, or the Prosecuting Attorney for the Circuit.

The State is not obliged to give a bond for costs in any case;˙ neither does it ever pay costs, except in some particular way pointed out by statute.

DEBT upon the statute of March 4, 1837, for the penalty for trespassing, by cutting timber on the canal lands belonging to the State, brought by the plaintiffs in error against the defendant in error.   The cause came on for a hearing at the October term of the Will Circuit Court, 1844, before the Hon. Richard M. Young.   A motion to dismiss the case, for the reason set forth in the Opinion of the Court, was interposed · and sustained, with costs against the plaintiffs.

The defendant was defaulted in this Court for not complying with the rule to join in error, and the cause was argued *ex parte.*

*J. A. McDougall,* Attorney General, for the State:

This suit was brought under the law of 1837.   The ninth section gives a remedy to the State, which the State may at any time enforce, by the appointed Agent, or any other means. Laws of 1836, p. 46.   ·

The statute of March 2, 1843, repeals the laws providing for the appointment of the canal officers, and authorizes the Canal Commissioner to appoint an Agent to take charge of the canal lands.   Laws of 1842, p. 62, § 1.

The State is not liable for costs in any case.

*D. L. Gregg,* on the same side, cited the Laws of 1838-9, p. 165, which amend the former Acts in relation to the appointment of Canal Agents.   Also, the laws of 1842 repealing, &c.

The decision of the Circuit Court was based upon the provision in the Revised Laws of 1833, p. 39, relating to the duties of the Attorney General and the several State's Attorneys. It does not follow that others may not perform the same duties. The Agent is authorized to prosecute, and may employ an attorney for that purpose. He is not limited to these officers.

The Opinion of the Court was delivered by

SHIELDS, J. This was an action of *debt* brought to recover the penalty given by the statute, for cutting timber upon the canal lands. The *præcipe* was filed, and the action commenced by one Isaac Cook, who was, at the time, acting as Canal Agent. The declaration was filed by David L. Gregg Esq., an attorney at law. No bond for costs was filed in the case.

The defendant, by his counsel, moved the Court to dismiss the cause, for the reason that the law did not authorize the institution of such a suit; that it was not commenced by an authorized person, and that there was no bond for costs filed in the case.

By the ninth and tenth sections of *An Act to protect the Canal Lands against trespassers,* approved March 4, 1837, a penalty was given against all trespassers who should cut timber on canal lands, to be recovered in an action of *debt* in any Court of competent jurisdiction, the action to be brought in the name of the State. The first section of the same Act provides for the appointment of a canal agent, and makes it his duty, among other things, to protect the lands, and to institute, attend to, and prosecute suits for trespasses to the same. This Act was amended by an Act approved February 26, 1839, by which it was made the duty of the Canal Commissioners to appoint one or more agents, not exceeding three in all. By *An Act to reduce the number of officers upon the Illinois and Michigan Canal,* approved March 2, 1842, all laws providing for the election or appointment of Canal officers were repealed. The acting Commissioner was continued in office, and authorized to appcint an

The People *v.* Pierce.

agent for the prosecution of trespassers on said lands. These are the only laws that have any direct bearing on the subject.

The laws of 1839 and 1842 only change the mode of appointing the agent. The provisions of the law of 1837, already alluded to, are still in force, and unrepealed. The mode of appointing the agent was changed, but the duty of preserving the land and bringing suits continued the same. The laws in force authorize the institution of such suits, and make it the duty of the agent to institute and prosecute them. This being his duty, it necessarily follows that he can employ any attorney at law to aid him in performing it. He is not limited in this respect to the Attorney General of the State, or the Prosecuting Attorney for the Circuit.

A State is never bound to give a bond for costs in any case; neither does it ever pay costs, except in some particular way pointed out by statute.

The Court below erred in dismissing the suit. The judgment is therefore reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*