(No. 21505.—)

THE UNITED STATES PIPE AND FOUNDRY COMPANY, Appellant, *vs.* WILLIAM J. STRATTON, Secretary of State, Appellee. *Opinion filed October 21, 1933.*

STONE, J., dissenting.

TROWBRIDGE, LOWRIE, O'DONNELL & JOHNSTON, (PAUL O'DONNELL, of counsel,) for appellant.

OTTO KERNER, Attorney General, (B. L. CATRON, of counsel,) for appellee.

Per CURIAM: The Secretary of State of the State of Illinois assessed $1000 against the United States Pipe and Foundry Company, a corporation organized under the laws of New Jersey, as the franchise tax under section 105 of the general Corporation act for the year beginning July 1, 1931, and ending June 30, 1932. The annual report of the company filed in the office of the Secretary of State in February, 1931, pursuant to section 102 of the act, recited that the corporation had received the aggregate sum of $24,000,000 from the issued shares of its capital stock, and that the proportion of its business and property in Illinois was $164,640. The corporation

admitted its liability to pay an annual fee or franchise tax, as required by section 105 of the general Corporation act, of five cents on each $100 of the proportion of the capital stock represented by business transacted and property located in Illinois for the preceding year amounting to $82.32, but it denied its liability for the excess of $917.68, which it paid under protest. It then brought suit in the circuit court of Sangamon county to enjoin the Secretary of State from paying the excess of $917.68 to the State Treasurer and to compel the return of that sum of money. The court sustained a general demurrer to the bill and entered a decree dismissing it for the want of equity. The company prosecutes this appeal.

The appellant's contention is that the amount of the tax in excess of $82.32 is assessed upon the corporation's property and business outside the State of Illinois; that it results in an unreasonable burden on interstate commerce, and that section 105 of the general Corporation act, which purports to authorize the tax, is therefore unconstitutional. Upon facts similar to those in this case, the validity of a tax pursuant to section 105 of the general Corporation act, assessed against a foreign corporation admitted to do business in this State, was challenged in *St. Louis Southwestern Railway Co.* v. *Stratton*, (*ante*, p. 273.) The sections of the general Corporation act were in that case reviewed, and the judgment there entered is controlling here.

For reasons given in that opinion, the decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in accordance with the views expressed in the opinion in *St. Louis Southwestern Railway Co.* v. *Stratton, supra.*

*Reversed and remanded, with directions.*

Mr. Justice STONE, dissenting: I dissent in this case for the reasons given in my dissenting opinion in *St. Louis Southwestern Railway Co.* v. *Stratton,* (*ante*, p. 273.)