(No. 2424—

SOUTHERN KRAFT CORPORATION, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1936.*

PAUL O'DONNELL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed for the sum of Three Hundred Dollars ($300.00.) The claimant alleges that on April 8, 1933, it filed in the Circuit Court of Sangamon County, Illinois, a suit against Edward J. Hughes, Secretary of State for the State of Illinois, alleging that the claimant had been assessed by the defendant, Secretary of State, the sum of $266.67 as franchise taxes for one and one-third years covering the period from March 18, 1933 to July 1, 1934; that the law under which said assessment was made was unconstitutional and void, and that the claimant did not owe any tax for that period. It also alleged that it had paid to said defendant the sum of $266.67 under protest pending the determination of the constitutional question involved.

The Circuit Court of Sangamon County, Illinois, entered a restraining order in accordance with the prayer of the bill, commanding the defendant, the Secretary of State, to hold said money until the further order of court, and to refrain from paying the same over to the Treasurer of the State of Illinois.

On April 9, 1933, a certified copy of said order was served upon the Secretary of State, but through mistake and error,

the copy of order was misplaced or misfiled, and did not receive the attention of the proper employees, and the said sum of $266.67 was wrongfully and contrary to the order of the court paid over to the Treasurer of the State of Illinois, and claimant requests that an award be entered in its favor in the sum of $266.67 principal, and $16.00 interest from May 1, 1934 to May 1, 1935, at the rate of 6 per cent per annum, and the sum of $12.00, being the court costs taxed against the defendant in the case which claimant filed in the Circuit Court of Sangamon County, Illinois, or a total of $294.67.

In the case of *Stratton, etc.* vs. *St. Louis Southwestern Railway Co.,* 353 Ill. 273, and *Stratton, etc.* vs. *United States Pipe & Foundry Co.,* 353 Ill. 516, it was held by the Supreme Court of this State that that part of the law imposing said tax upon which this claim was filed, was unconstitutional and void.

In the case of *People* vs. *Pierce,* 6 Ill. 553, it was held that the State never pays costs except where particularly required to do so by statute.

It appears from the record that the franchise tax in question, in the sum of $266.67 was paid by claimant under protest. It had been decided by the Circuit Court of Sangamon County, Illinois, that the Secretary of State should be enjoined from collecting the tax in question. Through inadvertence the sum was paid to the State Treasurer. Clearly, the claimant is entitled to a refund of this money actually paid over in the sum of $266.67.

There is, however, no statute which permits the payment of costs and interest. It is the law of this State that creditors may be allowed to receive interest at the rate of five (5) per cent per annum on all moneys after they become due or where money has been withheld by an unreasonable and vexatious delay of payment. After money has been turned over to the State Treasurer, it cannot be withdrawn from the State Treasury unless a proper appropriation be made by the State Legislature. Under the statutes, the Legislature will not make appropriations for claims against the State unless an award has been made by the State Court of Claims. There being no authority for us to award court costs and interest, that part of the claim will be denied and we recommend that the Legislature make an appropriation in favor of the Southern Kraft Corporation, in the sum of $266.67.