Fred Bagat, Plaintiff-Appellant, v. Police Board of the City of Chicago, Franklin M. Kreml, Chairman of the Police Board of the City of Chicago, Paul W. Goodrich, et al., Members of the Police Board of the City of Chicago, Orlando Wilson, Superintendent of Police of the City of Chicago, and Department of Police of the City of Chicago, Defendants-Appellees.

Gen. No. 52,043.

First District, First Division.

April 15, 1968.

Rehearing denied May 7, 1968.

Dante J. Taddeucci and Powers McGuire, of Chicago (Murray McGuire, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen and Henry N. Novoselsky, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

The Superintendent of Police sought the dismissal of the plaintiff, Fred Bagat, from the Chicago Police Department and filed charges with the Police Board of the City of Chicago. Bagat was alleged to be guilty of (1) conduct unbecoming a police officer, (2) drinking alcoholic beverages while in uniform whether on or off duty, (3) neglect of duty, and (4) incompetence.

A full hearing was held before the Police Board on all of the charges and Bagat appeared in person and was represented by privately retained legal counsel. At the

conclusion of hearing all of the evidence, the Board made specific findings of fact as follows:

"8. Respondent, as charged herein, contrary to the rules and regulations of the Department of Police, was upon December 25, 1964, guilty of violation of Rule 374, Section 3 of the Rules and Regulations entitled 'Drinking Alcoholic Beverages While in Uniform Whether On or Off Duty' in that upon the date aforesaid the said Fred Bagat at 1730 hours was found to have an odor of alcohol on his breath and alcohol content was found in his blood as a result of a breathalyzer test.

"9. Respondent, as charged herein contrary to the rules and regulations of the Department of Police was upon December 25, 1964, guilty of a violation of Rule 374 of the Rules and Regulations entitled 'Neglect of Duty' in that upon the date aforesaid Fred Bagat failed to dictate a field case report to the recording center as prescribed by the Rules and Regulations of the Police Department and also upon the date aforesaid, the said Fred Bagat failed and neglected to make himself available for police service.

"10. Respondent, as charged herein, contrary to the rules and regulations of the Department of Police was upon December 25, 1964, guilty of a violation of Rule 374 Section 7 of the Rules and Regulations entitled 'Neglect of Duty' in that upon the date aforesaid the said Fred Bagat failed or neglected to respond to radio broadcasts at 1259 hours, 1304 hours, 1305 hours, 1313 hours, 1329 hours, 1330 hours, 1341 hours, 1406 hours, 1410 hours, 1421 hours and 1436 hours.

"11. Respondent, as charged herein, contrary to the rules and regulations of the Department of Police was upon December 25, 1964, guilty of a violation

47

of Rule 374 Section 7 of the Rules and Regulations entitled 'Neglect of Duty' in that upon the time aforesaid the said Fred Bagat did not report to his station house at the termination of his tour of duty at 1630 hours.

"12. Respondent, as charged herein, contrary to the rules and regulations of the Department of Police was for a period of time from May 4, 1960 to December 25, 1964, guilty of violation of Rule 371A of the said Rules and Regulations entitled 'Separation for Incompetence' in that during the time aforesaid the said Fred Bagat was the subject of repeated disciplinary actions.

"13. Respondent, as charged herein, contrary to the rules and regulations of the Department of Police was upon December 25, 1964, guilty of violation of Rule 374, Section 5 of the said rules and regulations entitled 'Conduct Unbecoming a Police Officer an Employee of the Police Department' in that on or about the date aforesaid the said Fred Bagat violated Section 3 of Rule 374 and Section 7 of Rule 374 of the said Rules and Regulations as hereinabove stated further in paragraphs 7, 8, 9, 10 and 11."

The Police Board concluded that, "by reason of the findings of fact and of guilt herein, cause exists for the discharge of the respondent from his position as patrolman and as a member of the Department of Police of the City of Chicago," and Bagat was thereby discharged. An administrative review action was brought to reverse the order of the Police Board, but the trial court affirmed the order of dismissal.

Bagat now prosecutes this appeal attacking only two of the Board's six findings. First, he contends that the Police Board's finding of fact number 8, that he was guilty of drinking an alcoholic beverage while in uniform is not substantiated by the evidence. Secondly, he argues

that the finding that he was incompetent (number 12), was improper because that finding was based on Rule 371A of the Chicago Police Department and that rule is invalid. Rule 371A provides that a record of repeated disciplinary action by the Superintendent for minor infractions constitutes prima facie evidence of incompetence. This, defendant claims, denies him the right to face his accusers.

 No challenge is levied against the Police Board's findings of fact that Bagat failed to dictate a field report and to make himself available for police service (number 9), failed to respond to eleven different radio broadcasts (number 10), failed to report to his station house at the termination of his tour of duty (number 11), and was guilty of conduct unbecoming a police officer (number 13). These four unchallenged findings of fact are sufficient to form the basis of an order of discharge. Zinser v. Board of Fire and Police Commissioners of Belleville, 28 Ill App2d 435, 172 NE2d 33 (1961). Furthermore, we have examined the record and find that each of the Police Board's findings is amply supported therein.

In DeGrazio v. Civil Service Commission of Chicago, 31 Ill2d 482, 202 NE2d 522 (1964), a police officer was charged with the violation of two Police Department rules. The Supreme Court held that one of the rules was invalid and sustained the officer's contention as to the impropriety of the finding thereunder. However, the second finding, conduct unbecoming a policeman, was supported by the evidence presented to the Civil Service Commission. Even though only one finding of fact made by the Commission was sustainable upon review, the Supreme Court affirmed the dismissal order.

In Mitchell v. Sackett, 27 Ill App2d 335, 169 NE2d 833 (1960), a liquor license had been revoked based on two findings of fact. Upon review, one finding was held to be not supported by the evidence. This, however, did not invalidate the revocation order since the second

finding of fact was sufficient to sustain a revocation order and was supported by the evidence.

■ Under the principles of DeGrazio and Mitchell it is unnecessary for us to respond to Bagat's allegations that Rule 371A is invalid and the finding of drinking while in uniform is not supported by the evidence. Even if we were to agree with him on these points, the order of dismissal would be sustained on the basis of the other four fact findings.

■ ■ We are requested, however, to remand this cause to the Police Board for a second determination as to whether, based upon the four unchallenged findings of fact, the Board would nevertheless discharge Bagat. In the complaint for administrative review the only remedy sought was a reversal of the Police Board's order. We are fully aware that under the Administrative Review Act, the Circuit Court has the power to reverse and remand decisions of an administrative agency. Bagat's theory that he is entitled to what in effect amounts to a rehearing because two out of six findings of fact are invalid, was not presented to the trial court and cannot be raised for the first time on this appeal. Benson v. Isaacs, 22 Ill2d 606, 177 NE2d 209 (1961).

For the foregoing reasons, the decision of the Circuit Court of Cook County, affirming the discharge order of the Police Board is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.