ALBERT REICH, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS, Defendant-Appellee.

(No. 72-78; 

Second District—September 19, 1973.

Howard Prestwich, of Freeport, for appellant.

John G. Garrity, Corporation Counsel, of Freeport, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This appeal is taken from an administrative review proceeding wherein the circuit court confirmed the defendant-Board's discharge of plaintiff from his position as a Freeport patrolman.

Plaintiff had been employed by the police department for over one year when the Chief of Police entered a complaint against him. On March 25 and 26, 1971, there was a formal hearing on the second amended complaint charging plaintiff with five violations of the Freeport Municipal Code; he was found guilty on four of the five charges.

■■ A single valid finding is sufficient to constitute the basis for entering the order of dismissal. (*DeGrazio v. Civil Service Com.*, 31 Ill.2d 482 (1964); *Bagat v. Police Board of City of Chicago*, 95 Ill.App.2d 45, 50 (1968); *Moriarty v. Police Board of Chicago*, 7 Ill.App.3d 978, 982 (1972).) We, therefore, consider the points raised on appeal only in their application to certain violations contained in the third charge. There, plaintiff was found in violation of sections 15—114—1, 15—125—6, 15—125—7 and 15—125—18 of Chapter 15 of the Freeport Municipal Code which sections specify the duty of an officer to know and enforce the criminal statutes, and provide that certain acts be subject to penalty: neglect of duty, violation of any criminal law, and the loss, spoiling, damage or wrongful disposal of City or Department property.

According to plaintiff's testimony, an attempted marijuana purchase was set up under the direction of the department, such purchase to be made through plaintiff's informer. The purchase failed after certain members of the department talked about the plans to a friend of the anticipated seller. Subsequently, plaintiff supplied his own money and encouraged the informant to persist in attempting a purchase. A "brick" of marijuana was ultimately bought and delivered to plaintiff but, feeling that the evidence would not hold up in court, that he would not be re-

imbursed for his cash outlay and that the department was not interested in the drug problem, plaintiff later gave the drug to the informant, suggesting it be returned to the seller for the money.

Plaintiff's multiple contentions will be grouped for the purpose of this appeal.

> The findings of the Board were conclusionary, the findings were against the manifest weight of the evidence, and discharge was an inappropriate penalty;
>
> Plaintiff was found to have violated a criminal statute which has since been held unconstitutional;
>
> The Board based its decision upon secret evidence and arguments outside plaintiff's presence, was prejudiced and biased against plaintiff, and erred in failing to grant subpoenas;
>
> The circuit court erred in refusing to strike defendant's answer.

■■ A review of plaintiff's own testimony reveals that, without department knowledge or authority, he was in possession of marijuana, that he did not bring the matter to the attention of the appropriate officer or turn the evidence in to the department, and that he subsequenly had the "evidence" returned to the seller. Were we to determine that plaintiff's possession of the marijuana occurred within the scope of his duties, he would then have been in violation of the Code in returning the contraband to the seller. Conversely, were we to view such possession as being outside the scope of his duties, he would there be in violation of the criminal law. Under either finding, plaintiff was guilty of violating the Code and the Board's determination in this regard was not against the manifest weight of the evidence.

■■ The findings stated that plaintiff had been found "guilty as charged." Within the amended charges, the factual background for each of the accusations was set forth. While the requirements for administrative findings are more exacting than those relating to the findings of trial courts (*Maywood Trotting Ass'n v. Racing Com.*, 15 Ill.2d 559, 563 (1959)), we consider the findings herein to include, by reference, the specificities of the charges and hold these to be of such clarity as to negate plaintiff's allegation that the findings were conclusionary.

■■ Under the provisions of section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 10—2.1—17), a police officer may be discharged for cause. Plaintiff's violation of the Code and his disregard for departmental procedures was sufficient cause for the Board to appropriately discharge him from the force.

Plaintiff does not directly attack the constitutionality of that portion of the Code charging him with the violation which we here consider,

namely, section 15—125—7, "* * * violation of any criminal law * * *." Rather, he directs his argument to the Code's underlying criminal statute (Ill. Rev. Stat. 1969, ch. 38, sec. 22—3) which was held unconstitutional in *People v. McCabe,* 49 Ill.2d 338 (1971). There is no question that, at the time of the occurrence, possession of marijuana was prohibited by an existing statute. To disclaim any violation because that statute was subsequently found unconstitutional would require that a police officer personally prejudge the validity or constitutionality of each criminal statute before proceeding to enforce it. Such practice would totally disrupt law enforcement and police discipline.

● 5   Prior to being held unconstitutional, a statute is an operative fact with consequences, (or potential consequences) which cannot be ignored. (*Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed. 329, (1940); *Gosa v. Mayden,* 450 F.2d 753 (5th Cir. 1971), *aff'd,* —— U.S. ——, 93 S.Ct. 2926, 37 L.Ed2d 873 (1973).) Retroactive application of unconstitutionality must be limitedly applied. At the time of the charge herein, it was plaintiff's duty as a police officer to enforce the statute, it then being an operative fact.

During the formal hearing, plaintiff, by way of an offer of proof, submitted his affidavit which provided a narrative on the January 7th informal proceedings. He stated that at about 10:00 P.M. on that date, while on duty, he was ordered to report to a business address. Arriving, he found two Board members and the Chief of Police already present. A large file was on a desk. One Board member commented that he had "heard a lot of bad things about" Reich. Plaintiff "assumed that the three * * * had been discussing" him and his performance. During the one-half hour meeting, the Board members repeatedly advised him to resign. He was not permitted to look at the file, the Board declined to explain the nature of the "bad things" heard, and Reich was not advised of the specific charges against him.

Discipline procedures under the Code (sec. 15—127 *et seq.*) provide that, upon receipt of a complaint, the Commission shall tentatively determine the appropriate penalty and may call the accused member before it, inform him of the complaint and advise that he may waive hearing, plead guilty and accept the proposed penalty. Should he not plead guilty, the matter shall proceed, without prejudice, to a formal hearing and, toward that end, the Commission shall direct that corporation counsel prepare formal written charges, a copy of which shall be served upon the accused. In formal hearing, the accused shall have the right to be present with counsel, to cross-examine witnesses and present evidence. ■■ Plaintiff alleges that the Board heard secret evidence outside his

presence, referring first to the occasion of the January 7th meeting. There, he contends, the Chief imparted information to the Board members prior to Reich's arrival. Such action is specifically allowed under the Code provisions for preliminary hearings and is permissible for the purpose of determining probable cause. *Seneca v. Board of Fire & Police Comm'rs*, 71 Ill.App.2d 219, 228-229 (1966).

■■ Plaintiff alludes to secret, aside meetings and whispered conferences, but has failed to show that any extraneous evidence the Board may have at any time heard affected its decision. Evidence introduced during the formal hearing substantially proved the validity of the charge brought against plaintiff and, under these circumstances, reversal is not required. *Rizzo v. Board of Fire & Police Comm'rs*, 131 Ill.App.2d 229, 236 (1970).

■■ It is contended that the Board predetermined plaintiff's case, that it exhibited bias and hostility against plaintiff and his attorney, and that, upon plaintiff's motion, it should have resigned. Largely, this argument is also based upon the January 7th meeting. We have already established that that meeting was a preliminary proceeding permitted under the Code and that, as part of that proceeding, the Board was to reach a preliminary determination as to the proposed penalty and offer the accused the opportunity to resign. No conclusion of bias or prejudice can be drawn from the Board's adherence to the procedures required by the Code.

Plaintiff's allegations are conclusionary and unsubstantiated; the record reveals no merit to his assertions. We cannot conclude that the Board should have resigned.

● 9   Plaintiff complains that the Board denied his motion for subpoenas which requested, in part, that the department be required to produce his duty reports, his service file and the file viewed by the Board during the January 7th meeting. The Board stated that it would rule on the relevancy of these documents during the course of the hearing and there held them irrelevant. He contends that the Board erred by refusing to issue the subpoenas, by imposing a precondition of a showing of materiality before ordering production of the documents, and by ruling them irrelevant, arguing that the documents sought would have shown his diligence while on the force, how he gained knowledge of the drug traffic in Freeport, and that there was no action by his superiors on several of his offense reports. There is no contention that the documents would have refuted the evidence on the charges against him.

The statute provides that, "the board shall have power to secure by its subpoena * * * the production of books and papers relevant to the hearing." (Ill. Rev. Stat. 1969, ch. 24, sec. 10—2.1—17.) Since plaintiff

established no relevancy, it was not error for the Board to deny the subpoenas.

In arguing that the trial court should have granted his motion to strike defendant's answer, plaintiff first contends that defendant's answer was defective because a copy of the transcript of proceedings (filed with the circuit court) was not served on him. He cites no case to substantiate this position. The section of the Administrative Review Act relative to pleadings provides that, "* * * the * * * agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review * * *." (Ill. Rev. Stat. 1969, ch. 110, sec. 272(b).) Our construction of that statute indicates that the agency, as an answer, need only file the record with the court clerk.

Plaintiff also contends that the record was incomplete because it did not contain all proceedings held before the Board. In this respect, plaintiff again refers to the fact that there is no report of the informal meeting of January 7. It is clear, however, that no transcript was made of those proceedings. At the formal hearing, the chairman of the Board gave a statement as to what had transpired during that meeting. Plaintiff's affidavit concerning those events was also included in the record. We do not consider the record incomplete merely because a transcript of those preliminary proceedings is not included.

The record sustains plaintiff's guilt of the violations set forth herein and reveals no error having occurred in the course of such determination. We affirm the decision of the circuit court confirming the order of discharge.

Order affirmed.

GUILD, P. J., and SWANSON, J., concur.