**Albert REICH, Plaintiff,**

v.

**CITY OF FREEPORT, an Illinois Municipal Corporation, et al., Defendants.**

No. 74 C 29.

United States District Court,
N. D. Illinois, W. D.

Nov. 14, 1974.

Howard Prestwich, Freeport, Ill., for plaintiff.

Woodruff A. Burt, Corp. Counsel, Freeport, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on the motions of defendants to dismiss.

Albert Reich, plaintiff, was discharged as a patrolman from the Freeport Police Department by the Board of Fire and Police Commissioners of the City of Freeport pursuant to the provisions of Section 10–2.1–17 of the Illinois Municipal Code (Ill.Rev.Stat. Ch. 24, Sec. 10–2.1–17 (1971)). The Circuit Court of Stephenson County entered an order affirming the decision of the administrative agency.

Plaintiff then appealed to the Appellate Court of Illinois, Second Judicial Circuit, under various legal theories, including the allegations: (1) that the Ordinances and Statutes under which Reich was charged were unconstitutional and (2) that Reich was denied due process of law during the proceedings before the Board of Fire and Police Commissioners. The Appellate Court upheld the actions of the Board and the decision of the Circuit Court. See Reich v. Bd. of Fire and Police Commissioners, 13 Ill. App.3d 1031, 301 N.E.2d 501 (1973).

Reich's petition for leave to appeal to the Supreme Court of Illinois was denied. No appeal or petition for writ of certiorari was taken to the Supreme Court of the United States.

Subsequently plaintiff filed this suit in Federal District Court alleging violation of his constitutional rights. Plaintiff's complaint has four separate counts. Count one alleges that certain ordinances of the City of Freeport are unconstitutional on their face and asks by way of relief, in part, that they be declared unconstitutional and the defendants enjoined from enforcing them. Count two is similar to Count one, differing only in that it alleges the ordinances are unconstitutional as applied to plaintiff and asks for similar relief. Count three alleges that a certain state statute, Illinois Revised Statutes Chapter 38, Sections 22–23 (1969) is unconstitutional on its face and as applied to the plaintiff. Count four is a cause of action under 42 U.S.C. § 1983, a civil rights action, and under state law alleging arbitrary and unlawful actions by the defendants (except David Stearns, during the time January 1971 through April 1971), which resulted in the plaintiff's discharge from his position as a policeman. The fourth count asks for money damages.

The Court has reviewed plaintiff's complaint and the history of this litigation in the state courts. It is the Court's opinion that there may be merit to a portion of the plaintiff's claim

which alleges that certain ordinances of the City of Freeport governing the conduct of policemen infringe the right of free speech guaranteed by the First and Fourteenth Amendments to the United States Constitution. The ordinances state as follows:

15–114 GENERAL RIGHTS AND DUTIES: a member of the police department shall:

15–114–3 Not give information relating to department business to a noncity official without the approval of a superior officer.

15–114–7 Not discuss or criticize other members, or any official of the City, except when required by a superior officer.

15–125 OFFENSES: acts subject to penalty are:

15–125–13 Insubordination or disrespect toward a superior officer, or toward any official of the city.

15–125–14 Using coarse, profane or insolent language.

These ordinances appear to be unconstitutional on their face. Nevertheless the Court is reluctant to allow the plaintiff to challenge these ordinances as a guise to establish jurisdiction in order to challenge his dismissal from the Freeport police force. It is quite clear that the plaintiff's dismissal is not really based on his verbal criticism of other officers and public officials; but, rather, his dismissal stems from his actual misconduct in possessing marijuana in violation of department regulations. As the Illinois Appellate Court stated in Reich v. Board of Fire and Police Commissioners, *supra*:

"A review of plaintiff's own testimony reveals that, without department knowledge or authority, he was in possession of marijuana, that he did not bring the matter to the attention of the appropriate officer or turn the evidence in to the department, and that he subsequently had the 'evidence' returned to the seller. Were we to determine that plaintiff's possession of the marijuana occurred within the scope of his duties, he would then have been in violation of the Code in returning the contraband to the seller. Conversely, were we to view such possession as being outside the scope of his duties, he would there be in violation of the criminal law. Under either finding, plaintiff was guilty of violating the Code and the Board's determination in this regard was not against the manifest weight of the evidence" 301 N.E.2d at 503.

## I. THE DISTRICT COURT IS A COURT OF LIMITED JURISDICTION.

 Federal courts are courts of limited jurisdiction and are empowered to hear only those cases which have been entrusted to them by a Congressional grant of jurisdiction. They have no power to review the judgment of a state court, except where a substantial federal question is involved. In such a case, the final judgment or decree rendered by the "highest court of a State in which a decision could be had", may be reviewed by the Supreme Court of the United States pursuant to the provisions of 28 U.S.C. § 1257. But federal district courts are limited to cases of original jurisdiction and cannot entertain a proceeding to modify or reverse a state court proceeding. P. I. Enterprises, Inc. v. Cataldo, 457 F.2d 1012 (1st Cir. 1972). To do so would be an exercise of appellate jurisdiction. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

 When the defendant in the instant case was rebuffed by the State Courts of Illinois, he chose not to appeal to the United States Supreme Court. Instead, he filed suit in this federal court alleging violations of his constitutional rights, in at attempt to use the Constitution and the Civil Rights Act as tools to relitigate substantially identical facts and legal contentions previously decided by the State Courts of Illinois. But limitations on jurisdiction prevent such a procedure. The plaintiff cannot circumvent the boundaries imposed upon

the jurisdiction of this Court. The Civil Rights Act cannot be used as a substitute for the right of appeal. Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6th Cir. 1970).

■ Defendant had an adequate remedy for review of the State Court determinations by appeal or by petition to the Supreme Court of the United States for a writ of certiorari. He chose not to resort to either remedy. His failure to petition the appropriate forum acted as a waiver of the right to seek reversal of the State Court determinations. Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966).

## II. THE CITY OF FREEPORT AND THE BOARD OF FIRE AND POLICE COMMISSIONERS WERE IMPROPERLY JOINED AS DEFENDANTS.

■ A civil rights action brought under 42 U.S.C. § 1983 can only be directed against a "person". A municipality cannot be liable for damages under this section and should be dismissed as a party to the action. Yumich v. Cotter, 452 F.2d 59 (7th Cir. 1971); Washington v. Brantley, 352 F.Supp. 559 (D.C. Fla.1972).

■■ Likewise a civil rights action will not lie under this section against an administrative agency. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Alexander v. California Court Director of Correction, 433 F.2d 360 (9th Cir. 1970). Therefore a civil rights complaint against the Board of Fire and Police Commissioners of Freeport, a municipal administrative body, must be dismissed for lack of jurisdiction over the subject matter. Henig v. Odorioso, 256 F.Supp. 276 (D.C.Pa. 1966), 385 F.2d 491, cert. denied 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968), rehearing denied 391 U.S. 929, 88 S.Ct. 1814, 20 L.Ed.2d 671 (1968). In the case of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) the Supreme Court stated:

"We find nothing in the legislative history discussed in [Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)], or in the language actually used by Congress, to suggest the generic word 'person' in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe*, 'Congress did not undertake to bring municipal corporations within the ambit of' § 1983, [id., at 187], they are outside of its ambit for purposes of equitable relief as well as for damages."

There is no logical reason why this rule would not also apply to Administrative Agencies, since they have been held to be exempt from damage suits for the same reasons as were applied to municipalities.

## III. DEFENDANTS ARE IMMUNE FROM LIABILITY FOR THEIR ACTIONS AS PUBLIC OFFICIALS.

■ A public official is not personally liable to one injured as a consequence of an act performed within the scope of his official authority and in the line of his official duty. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Where he is vested with discretion and is empowered to exercise his judgment in matters brought before him, he is entitled to immunity from liability to persons who may be injured as the result of an erroneous or mistaken decision. Sims v. United States, 252 F.2d 434 (4th Cir. 1958), aff'd 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667. This immunity is recognized in both state, Lusietto v. Kingan, 107 Ill.App.2d 239, 246 N.E.2d 24, and in federal judicial decisions. Hampton v. City of Chicago, 484 F.2d 602 (7th Cir. 1973). The United Supreme Court has squarely held it was not abolished by the Civil Rights Act of 1871. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). When the

Board of Fire and Police Commissioners took the action in question, they acted in good faith and within the scope of their authority. They are immune from suit for their official conduct.

Accordingly, it is hereby ordered that defendants' motion to dismiss is granted.