ELLIS BROADWAY, Plaintiff-Appellee, v. THE SECRETARY OF STATE OF THE STATE OF ILLINOIS, Defendant-Appellant.

Fourth District   No. 4—84—0448

Opinion filed January 10, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Vincenzo Chimera, Assistant Attorney General, of Chicago, of counsel), for appellant.

Frederic M. Grosser, of Grosser & Hays, of Champaign, for appellee.

JUSTICE MILLS delivered the opinion of the court:

The Illinois Secretary of State asks us to overturn an order of the circuit court which vacated the suspension of Ellis Broadway's driver's license and assessed various costs against the State.

We agree with the Secretary and reverse.

Broadway was the uninsured driver of the car of an uninsured owner. He was involved in an automobile accident in Champaign County, Illinois. Since the plaintiff was admittedly uninsured, a hearing was scheduled pursuant to section 7—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 7—205).

The evidence adduced at the hearing consisted of the testimony of plaintiff and the owner of the car, the introduction into evidence of a traffic accident report form which detailed the accident, and a form prepared by the Illinois Department of Transportation which stated the amount of property damage to be $1,000.

Plaintiff testified that he was driving southbound on Second Street approaching its intersection with University Avenue in Champaign. At the intersection, there was a stop sign for the traffic on Second Street where the plaintiff was situated but no traffic control device for the cross street. When he reached the intersection, he came to a complete stop. He looked in both directions. He noticed the automobile with which he was later involved stopped at a red light in the eastbound lane one block to the west. He waited until traffic approaching on University Avenue had passed. He then entered the intersection. He testified that when he was partway into the eastbound lanes of the intersection, the automobile which he was driving stalled. As he was trying to restart the automobile, it was struck on the right front fender by an automobile traveling east on University. The owner of the car driven by plaintiff testified that he was driving her car but was involved in his own affairs and was not driving at her behest.

Upon consideration of all the evidence, the hearing officer concluded that there was a reasonable possibility of a money judgment against plaintiff in excess of $250. Upon this finding, the hearing officer ordered plaintiff's driver's license suspended. The hearing officer also found that there was no agency between plaintiff and the car owner. Based on this finding, the action against the owner was dismissed.

Plaintiff then filed a complaint for administrative review in the circuit court of Champaign County. The Secretary answered the complaint by filing a certified copy of the transcript of the suspension pro-

ceedings with the clerk of the circuit court of Champaign County. This procedure is mandated by section 3—101 of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101). Despite filing the entire record with the clerk, the Secretary served plaintiff with only the cover page of the report and a notice of service. Plaintiff asked the Secretary for the entire report in a letter. The Secretary, through the Attorney General's office, responded that the entire record would not be sent to plaintiff unless he paid the sum of $5 to cover copying costs. Plaintiff then obtained a copy of the proceedings from the circuit clerk's office.

On October 24, 1983, plaintiff filed a motion for expenses which sought reimbursement of the $5. The motion relied upon Supreme Court Rule 104 (87 Ill. 2d R. 104), which plaintiff argued called for the delivery of the entire record of proceedings by the Secretary and the reimbursement of the sum of copying the entire record upon the failure of the Secretary to deliver it.

The hearing on the motion and the complaint for administrative review was held January 26, 1984. No transcript of the hearing was included in this record on appeal. The record entry reflecting the hearing shows that the court found "that the record of the administrative agency defendant shows that there is no proper evidence or reasonable inference therefrom to support a finding that there is a reasonable possibility of a judgment in excess of the statutory minimum; that such a finding would necessarily have been based upon hearsay evidence alone." Upon this finding, the court reversed the decision of the Secretary which suspended plaintiff's driver's license. The court also ordered:

> "Costs are adjudged in favor of the Plaintiff and against the Defendant, including costs of the copy of the transcript of record below.
>
> Upon the finding of this being a pauper's case, the filing fee and all other costs are adjudged in favor of the Plaintiff and against the Defendant. Written Order to be entered."

On May 16, 1984, plaintiff filed a motion for entry of written order. The motion was accompanied by a letter dated February 28, 1984. The letter was addressed to the assistant Attorney General handling plaintiff's case and referred to a proposed order which was also enclosed, which letter requested that the order be signed or objected to. The motion set forth the fact that the assistant Attorney General had not responded to the letter and requested the court to enter the order. The motion was set for hearing on May 23, 1984. On May 22, 1984, the Attorney General responded to the motion, arguing that the

portion of the motion taxing costs was improper on three grounds. The Attorney General first argued that it had no responsibility to do anything more than file the administrative record with the clerk of the court, relying upon the case of *Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501. The Attorney General also argued that under the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.1 *et seq.*) and the doctrine of sovereign immunity (Ill. Rev. Stat. 1983, ch. 127, par. 801), the circuit court lacked jurisdiction to assess costs against the State of Illinois. The final argument raised by the Attorney General was that the power to tax costs is not found in section 3—101 *et seq.* of the Code of Civil Procedure, which precluded such an assessment by the court.

The hearing on all the issues was apparently held May 23, 1984, although no transcript or record entry was included in the record before this court. The record does contain an order, dated May 23, 1984, and filed May 24, 1984, which parallels plaintiff's original proposed order. The order reverses the decision of the hearing officer and sets the costs to be taxed against the State at $12.50. The sum purports to include plaintiff's cost of copying the defendant's answer as well as the statutory fees for filing and service of summons. Defendant filed notice of appeal June 22, 1984.

In this appeal, the Secretary contests both the reversal of the finding of the hearing officer and the taxing of costs against the State. The Secretary first argues that the circuit court erred by reweighing the evidence at trial and finding that there existed no reasonable possibility of a civil judgment against plaintiff in accordance with the statute. The Secretary next argues that the trial court erred in assessing costs against the State. We agree with both contentions and reverse.

We note at the outset that the written order appealed from is much broader than the record entry it supposedly reflects. The record entry shows that the circuit court felt that the Secretary's case was deficient in that proof of the extent of property damage was based upon hearsay evidence, to wit, a certificate to the Secretary of State which was composed and transmitted by the Illinois Department of Transportation and indicates that plaintiff had been involved in an accident which resulted in property damage evaluated at $1,000. The final written order appealed from is painted in much broader strokes, finding only that there was no proper evidence or inference therefrom from which the Secretary could find a reasonable possibility of a judgment against plaintiff "in accordance with the statute." Since the written order is so broad, the Secretary now argues that the circuit

court erred in finding there was no reasonable possibility plaintiff could be found liable for property damage and that the circuit court erred in finding that the certificate was not proper evidence.

■ While we are not convinced that the trial court ever considered the issue of plaintiff's liability, we hold that if it did and thereafter reversed the finding of the Secretary, the reversal was erroneous.

A hearing officer, after listening to plaintiff's testimony, found that there existed a reasonable possibility of a civil judgment in excess of $250. It is well established that "[i]n an administrative review proceeding the trial court and the appellate court are *limited* to a consideration of the record to determine *** whether the findings and orders of the commissioner are against the manifest weight of the evidence." (Emphasis added.) (*Spiros Lounge, Inc. v. Illinois Liquor Control Com.* (1981), 98 Ill. App. 3d 280, 283-84, 423 N.E.2d 1366, 1369.) It is generally held that it is not the function of either the trial court or the appellate court to reweigh the evidence or assess the credibility of the witnesses. *Starnawski v. License Appeal Com.* (1981), 101 Ill. App. 3d 1050, 428 N.E.2d 1102.

The evidence heard by the administrative hearing officer below disclosed that plaintiff's southbound car was struck on the right front fender after leaving an intersection where only north-south traffic had a stop sign. Plaintiff admitted that his front fender had crossed two lanes of westbound traffic before being struck by an eastbound car. He claimed that his car had been stalled for two or three minutes in the middle of the intersection before being struck by a car traveling 50 or 60 miles per hour which had been at rest only a block away when plaintiff originally stopped at the intersection. Upon these facts, the hearing officer concluded that there was a reasonable possibility of plaintiff's liability being established. If the circuit court found otherwise, that finding was an abuse of the very limited discretion given reviewing courts in matters of administrative review.

■ Turning to what was more likely the underpinning of the circuit court's reversal, we find that the Department of Transportation certificate of evaluated property damage was properly considered by the hearing officer. The certificate comes within the business record exception to the hearsay rule as provided by Supreme Court Rule 236 (87 Ill. 2d R. 236). Rule 236 provides that records made as a memorandum of an occurrence are admissible as exceptions to the hearsay rule. In *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 371 N.E.2d 1012, the court held that records which are required by statute to be kept by persons in public office constitute evidence of the matters recorded therein. Section 7—201 of the Illinois Vehicle Code

(Ill. Rev. Stat. 1983, ch. 95½, par.7—201) requires:

"[The Department of Transportation] shall certify to the Secretary of State the name of each owner and the name of each operator of any vehicle involved in any accident and his determination that security is required under this Act, and the amount and shall also supply a copy of any accident report requested by the Secretary."

Based on the foregoing statutory requirement, the Department certificate was admissible and properly considered by the hearing officer of the Secretary of State. Hence, the reversal of the decision based on hearsay problems was equally erroneous. We therefore reverse the circuit court's reversal of the hearing officer's finding that the plaintiff had been in an automobile accident where there was a reasonable possibility of a civil judgment in excess of $250 being levied against him.

The final issue raised by the parties is whether the circuit court erred in imposing costs against the State upon the conclusion of the cause below. It did.

A party seeking review of a determination of an administrative agency does so by filing a complaint in much the same way as does an ordinary civil litigant. However, the required answer is much different. Section 3—108 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—108) provides that the agency being sued shall file as its answer the original or a certified copy of the entire report of proceedings under review, including such evidence as may have been heard by it, and the findings and decisions made by it.

Pursuant to this legislative scheme, the Secretary of State filed the report of proceedings and evidence with the clerk of the circuit court of Champaign County but sent only the cover sheet and a notice of mailing to plaintiff. Plaintiff asked for the entire report in a letter written to the assistant Attorney General who was handling the case. The assistant refused to send the record but offered to have it copied at plaintiff's expense. Plaintiff then obtained a copy from the circuit clerk but moved for reimbursement of his expenses, ostensibly under Supreme Court Rule 104 (87 Ill. 2d R. 104).

Supreme Court Rule 104(b) provides that all pleadings subsequent to the complaint shall be filed with the clerk of the relevant circuit court along with proof that copies have been served on all parties. (87 Ill. 2d R. 104(b).) Rule 104(d) allows a party who has not been served according to subsection (b) to recover the cost of obtaining the appropriate copies from the clerk. 87 Ill. 2d R. 104(d).

Based on these arguments, the circuit court ordered the Secretary

of State to reimburse plaintiff in the amount of $12.50, which sum was to cover the cost of copying the complete answer as well as the cost of filing the complaint and service of summons. This decision was reflected in the proposed order which was sent to the Attorney General for approval or objection.

The Attorney General eventually objected to the portion of the order assessing costs on several grounds. The Attorney General first argued that the circuit court was without authority to enter an order assessing costs against the State, since that authority is not found within section 3—101 et seq. of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.). The Attorney General secondly argued that a State agency need not provide a plaintiff with a copy of the entire record, but that it satisfies its pleading requirements by filing the record with the clerk of the circuit court. This argument relies upon Reich v. Board of Fire & Police Commissioners (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501. The third argument raised by the Attorney General was that under the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.1 et seq.) and the doctrine of sovereign immunity (Ill. Rev. Stat. 1983, ch. 127, par. 801), the circuit court lacked jurisdiction to assess costs against the State.

In this appeal, the Secretary has chosen to rely upon the lack of jurisdiction argument. Plaintiff responds variously that the Secretary has waived the jurisdictional issue by not raising it at the hearing on the motion for expenses, where the plaintiff maintains the Secretary argued that he was simply not required to furnish the plaintiff with a copy of the entire answer; that the cost of copying the answer is not a court cost or an ordinary cost of litigation and therefore it is without the purview of the doctrine of sovereign immunity and the Court of Claims Act; that the assessment is properly viewed as a sanction for the wilful refusal of the Attorney General to provide plaintiff with a copy of the entire proceedings; and, finally, that the Secretary is attempting to impose upon plaintiff the cost of preparing the record, which was forbidden in Champaign County Board of Review v. Property Tax Appeal Board (1975), 30 Ill. App. 3d 29, 331 N.E.2d 333.

In our view, the assessment of the statutory filing cost and the cost of service of summons was precluded by the analytical framework established and employed by our supreme court in Department of Revenue v. Appellate Court (1977), 67 Ill. 2d 392, 367 N.E.2d 1302. In that case, much as in the case before us, the court was called upon to determine whether a State agency, as an appellee, could be charged with the cost of the preparation of the record on appeal when the appellant successfully convinced an appellate court to overturn a finding

favoring the agency.

At issue was section 22 of "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1975, ch. 33, par. 22) and *Supreme Court Rule 342(h)* (58 Ill. 2d R. 342(h)). The Department had sought back taxes it thought were due and owing from Burlington Northern, Inc. The Department's final order assessed taxes in the amount of $495,530. Burlington sought review in the circuit court and lost. On appeal to the appellate court, the decision of the circuit court was reversed. Burlington then sought to be reimbursed for the money it spent producing the excerpts of record. It relied on section 22, which provided that upon the reversal of an order of a court on review, an appellant could recover its costs, and Supreme Court Rule 342(h), which provided that either party to a lawsuit could be taxed costs for causing unnecessary matter to be included in the excerpts of record. The appellate court ordered the Department of Revenue to compensate Burlington for costs incurred in preparing the excerpts of record.

■ The supreme court held that the appellate court had improperly assessed costs against the State. The court, quoting from *People v. Pierce* (1844), 6 Ill. (1 Gilm.) 553, 555, noted that " '[a] State is never bound to give a bond for costs in any case; neither does it ever pay costs, except in some particular way *pointed out by statute.*' " (Emphasis added.) The court held that since the State was not specifically mentioned in section 22, it was without the purview of its cost-assessment provisions. This, despite the fact that the statute did refer to appellees, a designation amply describing the State's position on appeal. The supreme court similarly rejected Burlington's reliance on Supreme Court Rule 342(h). The court found that the absence of a specific reference to the State precluded its application to the State. The relief that had been sought in the supreme court was a writ of *mandamus* expunging the order of the appellate court, and this was granted since the court found that the order was entered by a court which lacked jurisdiction. (This, incidentally, disposes of plaintiff's waiver argument, since subject-matter jurisdiction may be raised at any time. See *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 451 N.E.2d 866.) Accordingly, the portion of the circuit court's order assessing the costs of filing and service of summons are vacated as void.

Concerning the cost of duplicating the answer, we are not convinced that this sum of money is a "cost" as that term is normally used. If that sum is not a "cost," the rationale of the *Department of Revenue* case arguably does not apply. This essentially stakes out plaintiff's position before us, which is that while "costs" may not be assessed against a sovereign, this sum may be assessed because it is

an expense which was virtually self-imposed by virtue of the fact that the Attorney General admittedly refused to provide a copy of its answer to plaintiff, which copy plaintiff argues is called for by Supreme Court Rule 104.

■ In our view, plaintiff's arguments, though novel, are unavailing, as we are of the opinion that Supreme Court Rule 104 simply does not apply to cases of administrative review. Since Rule 104 does not apply, there is no basis whatsoever upon which the trial court could properly rely in attempting to reimburse the plaintiff for his costs of duplicating the record of the administrative proceedings.

While Rule 104 is entitled "Service of Pleadings and Other Papers; Filing" (87 Ill. 2d R. 104), it makes no mention of its applicability to proceedings under the Administrative Review Law. Rather, Supreme Court Rule 291 (87 Ill. 2d R. 291) is entitled "Proceedings under the Administrative Review Law," and subsection (d) lists four rules which "shall apply to proceedings under the Administrative Review Law." (87 Ill. 2d R. 291.) Rule 104 is nowhere among the rules listed.

The absence of Rule 104 from the list of rules which are to be applied to proceedings under the Administrative Review Law makes eminent good sense. A party who has filed a civil action is in a totally different posture than a person seeking administrative review, even though both actions are admittedly commenced by the filing of a complaint. The civil complainant needs to know the nature of any defenses which may confront him at trial. A party seeking administrative review already knows the nature of his opponent's case. Further, the civil complainant cannot predict what his opponent's answer might be, whereas by statute, a party seeking administrative review knows, or should know, that the agency is simply required to file a copy of the report of proceedings in lieu of the normal answer filed by a defendant in a typical civil case. Finally, the burdens borne by the two answering parties are totally disparate. While the answer to a typical complaint may run to several pages (perhaps several hundred in the most nightmarish of cases), the record of an administrative hearing could likely run to thousands or even tens of thousands of pages. Based on these manifest distinctions, it seems apparent to us that despite the "general" nature of Supreme Court Rule 104, the specific nature of Supreme Court Rule 291 precludes its application to administrative review hearings.

Such a determination is in accordance with the committee comments to Rule 291, which note that while the Administrative Review Law attempts to establish proceedings which closely parallel proceed-

ings under the Civil Practice Act, the symmetry is not entirely perfect and that procedures applicable to some proceedings under the Civil Practice Act are unsuited to proceedings under the Administrative Review Act. The filing of the administrative record as an answer is a procedure which makes its transmission to the party opponent unsuitable in matters of administrative review. As such, the Secretary of State should not have been charged the plaintiff's duplicating cost.

Reversed and remanded.

McCULLOUGH and TRAPP, JJ., concur.