CONSTANCE CYBULARZ, D. C., Plaintiff-Appellant, *v.* ARTHUR F. QUERN, JR., Director of the Department of Public Aid, Defendant-Appellee.

First District (1st Division)    No. 79-1870

Opinion filed May 26, 1981.

Bishop and Crawford, Ltd., of Oak Brook (John N. Dore, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Constance Cybularz, is a vendor of chiropractic services to recipients under the Medical Assistance Program (Ill. Rev. Stat. 1977, ch. 23, par. 5—1 *et seq.*). After an administrative proceeding, the Director of the Department of Public Aid (hereinafter Department) (Ill. Rev. Stat. 1977, ch. 23, pars. 1—1, 12—13) found that the plaintiff, who was licensed

as a chiropractor, had committed certain violations of the Medical Assistance Program by having represented herself to the public as a medical doctor on telephone records and telephone directories in contravention of sections 24 and 32 of the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, pars. 4459, 4467), and the Rules of the Department, and terminated plaintiff's privileges as a vendor of services pursuant to section 12—4.25(A)(h) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)) and section 4.51(i)(1) of the Rules of the Department. A complaint for administrative review was filed, and the court affirmed the findings and decision of the Director on August 30, 1979. This appeal followed.

On appeal, plaintiff has presented the following issues for review:

(1) Whether the court erred in affirming the decision of the Director of the Department of Public Aid to terminate the plaintiff as a vendor based on the evidence and the law;

(2) Whether the court committed error in finding that the Director of the Department of Public Aid met the burden of proof to sustain the findings of fact and conclusion;

(3) Whether the court erred in finding that the decision of the Director of the Department of Public Aid, based on the administrative record, is not against the manifest weight of the evidence;

(4) Whether the court erred in finding that the exhibits were properly admitted into evidence;

(5) Whether the court erred in finding that the failure of the Director of the Department of Public Aid to produce discovery documents upon request was not a violation of the plaintiff's right to a fair hearing;

(6) Whether the court erred in finding that the plaintiff had no standing to challenge the validity of section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)); and

(7) Whether the court committed error when it found that section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)) was not an enactment in violation of the Federal and State constitutions.

Plaintiff had been charged in the statement of grounds as follows:

"1. That Dr. Constance Cybularz, D.C., Aurora Medical Center, 51 S. Broadway, Aurora, Illinois, is a Vendor participating in the Illinois Medical Assistance Program.

2. That Dr. Constance Cybularz D.C. has misrepresented herself as a medical doctor in that she has listed her name as an M.D. in both the Far West suburbs and in the Northwest suburbs telephone directories.

\* \* \*

4. That the facts, as stated above establish that Dr. Cybularz has violated Illinois law, to wit, Chapter III sections 4459 and 4467 Illinois Revised Statute.

5. That pursuant to Ch. 23 par. 12—4.25(A)(c) of the Illinois Revised Statutes, and in accordance with Section 4.51(i) of the Rules for Department Actions Against Medical Vendors the Department may terminate a Vendor's eligibility to participate in the Medical Assistance Program if it is determined that such Vendor has engaged in practices prohibited by applicable Federal or State law or regulation."[1]

On February 28, 1979, defendant found the evidence supported a finding that plaintiff had engaged in conduct amounting to a violation of sections 24 and 32 of the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, pars. 4459, 4467), and thus defendant terminated plaintiff pursuant to section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)) and section 4.51(i)(1) of the Rules for Department Action Against Medical Vendors.

Plaintiff first contends that the court committed error when it affirmed the Director's decision to terminate the plaintiff as a participating vendor. The statement of grounds stated that the reason for bringing the administrative proceeding was that the plaintiff had violated ch. 23, par. 12—4.25(A)(c) of Ill. Rev. Stat. 1979. The Director's decision to terminate was based on a determination that the plaintiff had violated section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)).

Plaintiff maintains that the evidence did not support a termination of plaintiff under section 12—4.25(A)(c) (Ill. Rev. Stat. 1979, ch. 23, par. 12—4.25(A)(c)), the section set forth as one of the grounds in the statement of grounds. Defendant argues that the administrative decision should not be reversed on the basis of a mere typographical error in that defendant inadvertently typed Ill. Rev. Stat. 1979, ch. 23, par. 12—4.25(A)(c) as the basis for termination when the wording of paragraph 5 of the statement of grounds revealed that the Department meant section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)).

Defendant has cited *People v. Greenwood* (1969), 115 Ill. App. 2d 167, 173, 253 N.E.2d 72, wherein the court stated:

"Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not an error which, in itself, vitiates the complaint."

■■ Defendant claims, and we agree, that plaintiff has not suffered any prejudice as a result of the error in the statement of grounds and it appears that plaintiff knew the statutory and administrative grounds upon which the Department exercised its authority to terminate plaintiff for violating sections 24 and 32 of the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, pars. 4459 and 4467). The charges were sufficiently drawn to apprise defendant of the case against her so that she could intelligently prepare

---

[1] There was no paragraph 3 listed in the statement of grounds.

her defense. *Irving's Pharmacy v. Department of Registration & Education* (1979), 75 Ill. App. 3d 652, 394 N.E.2d 627.

Plaintiff next contends that the Department committed error when the hearing officer admitted into evidence Department's exhibits Nos. 1 to 10 as business records of Illinois Bell Telephone Company relating to the Aurora Medical Center. The challenged exhibits Nos. 1 to 5 were objected to as hearsay evidence and said exhibits were not the best evidence available. The hearing officer allowed photocopies of other documents and excused the presentation of the microfiche records because bringing in the magnetic tapes without special equipment would be cumbersome. A witness for Illinois Bell testified that exhibits Nos. 1 to 5 were the service and equipment records of Illinois Bell maintained for all customers so that the company would have a record of billing and to keep track of where the equipment was located. These records were offered to demonstrate their contents, and to show that plaintiff had held herself out to be a doctor.

An examination of the photocopies shows that the listed subscriber on the service and equipment record was the Aurora Medical Center and not the plaintiff. The witness for the telephone company related that the subscriber's bills were addressed to the Aurora Medical Center and that the exhibits reveal that the subscriber told Illinois Bell to list "Constance Cybularz, M.D." in the telephone directories. Exhibits Nos. 1 to 5 also contained the following information in addition to the name of the subscriber the Aurora Medical Center: "PRES CHAS MC FADDEN, ADMINISTRATOR DR CYBULARZ." This information reveals who operated the Aurora Medical Center. Plaintiff's attorney admitted at the hearing that plaintiff's husband was a "Mr. McFadden."

Exhibits 6 to 10 were telephone books issued by Illinois Bell for 1976, 1977, and 1978 and were not offered to prove the truth of the matters in the various telephone books, *i.e.*, that plaintiff was in fact a medical doctor, but that plaintiff had held herself out as a medical doctor.

In accordance with the evidence produced by the Department, the Director made findings of fact as follows: "(1) It can reasonably be inferred from Department Exhibits 1-10 that Respondent caused herself to be listed as an 'M.D.' on telephone records and in telephone directories; (2) Respondent is a licensed Chiropractor; (3) Respondent, through causing herself to be listed as 'M.D.' on telephone records and in telephone directories, has held herself out to the public as a medical doctor; and (4) Respondent is not a licensed Medical Doctor." Based on these findings the Director concluded that "Respondent, a licensed Chiropractor, has violated Ill. Rev. Stat., ch. 111, §§4459 and 4467 by holding herself out as a medical doctor in that she has used the designation 'M.D.' She has therefore violated a State law within the meaning of Ill.

Rev. Stat. ch. 23, §12—4.25(h)(1), and should be terminated as a medical vendor in the Medical Assistance Program."

Issues one, two, three and four are interrelated and can be dealt with as a group. Plaintiff argues that in addition to the hearsay objections, there was no evidence that plaintiff had caused the creation of the listing as contained in exhibits Nos. 1 to 5, the Aurora Medical Center, nor was there any direct evidence produced by the Department to show that the plaintiff had held herself out as a medical doctor. In this connection, Mrs. Appel testified for the Director that the plaintiff had never represented herself to be anything other than a chiropractor to the Department.

The Department argues that from the records that it could be inferred that either plaintiff as administrator of the Center or her husband as president created the listing. Moreover, even if it could be said that the evidence is lacking that she personally created the listing, the Department could reasonably infer that as "administrator" Dr. Cybularz was aware of the telephone listings for which she had been billed. It is within the province of an agency to draw reasonable inferences from the evidence. (*Ritenour v. Police Board* (1977), 53 Ill. App. 3d 877, 369 N.E.2d 135.) Moreover, it is within common experience that most persons are familiar with how they are listed in telephone books. People who list their professions in those directories would be especially aware of their listing. Under the circumstances wherein the holding out as a "medical doctor" without a license is a misdemeanor, it could be said that the law imposes a duty to ensure that said listings are correct. An opposite conclusion is not clearly evident. *Rutledge v. Department of Registration & Education* (1966), 77 Ill. App. 2d 103, 222 N.E.2d 195.

It is well settled that under the Administrative Review Act the findings and conclusions of the agency on questions of fact are "*prima facie* true and correct" (Ill. Rev. Stat. 1977, ch. 110, par. 274), and must be affirmed unless against the manifest weight of the evidence. (*Zinser v. Board of Fire & Police Commissioners* (1961), 28 Ill. App. 2d 435, 172 N.E.2d 33.) In the instant case the record established that the Department made the following findings of fact and conclusions: "Respondent, a licensed Chiropractor, has violated Ill. Rev. Stat. ch. 111, §§4459 and 4467 by holding herself out as a medical doctor in that she has used the designation 'M.D.' She has therefore violated a State law within the meaning of Ill. Rev. Stat. ch. 23, §12—4.25(h)(1), and should be terminated as a medical vendor in the Medical Assistance Program."

■■ The Department has not cited any authority nor has our research revealed any support for the proposition that the legislature intended that the telephone records and directory listing constituted *prima facie* grounds of a violation of sections 24 and 32. Nor does it follow that an inference or rebuttable presumption of a violation of the statute is a

necessary consequence. In this situation the only basic facts established from the record are contained in the records of billings of the telephone company and the directory listings. It does not necessarily follow from exhibits 1 thru 10 that there is ample evidence in the record, other than the alleged inference or presumption to support a rational connection between the exhibits and the charge of a violation of sections 24 and 32. We reject the inference that the telephone directory listing establishes a *prima facie* case of a violation of the statute involved or that the court should equate such a listing with an infraction of the statute and the rules of the Department and thereby relieve the Department of its burden and duty to prove the elements of the charges against plaintiff. We also reject the position that the Department is entitled to rely on the exhibits as the sole evidence, without more corroboration, as proof of the charges in the instant case.

On this record reasonable minds might find it sufficient to support a contrary inference from the exhibits, and it follows that if the findings of the Department are held to be against the manifest weight of the evidence, it is wholly proper for this court to reverse. (*Lieberman v. Rochford* (1976), 43 Ill. App. 3d 1001, 358 N.E.2d 287; *Weigel Broadcasting Co. v. Hammer* (1978), 67 Ill. App. 3d 805, 384 N.E.2d 811.) In the instant case it is clear that the Department has not met its burden of proof, and we conclude that the Department's findings were against the manifest weight of the evidence and cannot support the order terminating the plaintiff from the privilege as a vendor of services pursuant to section 12—4.25(A)(h)(1) (Ill. Rev. Stat., 1978 Supp., ch. 23, par. 12—4.25(A)(h)(1)) and section 4.51(i)(1) of the Rules of the Department.

Accordingly, in view of the above disposition, we find it unnecessary to discuss the other issues raised by plaintiff, and the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McGLOON and O'CONNOR, JJ., concur.