BENNY SMITH, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC
AID *et al.*, Defendants-Appellees.

Second District No. 2—86—0198

Opinion filed December 12, 1986.

Barry A. Schultz and Helene Hoffman, both of Prairie State Legal Services, Inc., of Waukegan, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, Mark A. Lichtenfeld, Special Assistant Attorney General, and Karen Konieczny and James C. O'Connell, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Benny Smith, brought this action for administrative review under the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) to challenge a decision of the defendant, Illinois Department of Public Aid (Department), which terminated plaintiff's assistance benefits under the Aid to Families with Dependent Children (AFDC) program. The trial court affirmed the Department's decision. On appeal, plaintiff argues that: (1) the trial court applied an improper standard of review; (2) the Department's determination was against the manifest weight of the evidence; and (3) the Department erred in not applying a medical-improvement standard when terminating his benefits.

Plaintiff injured his neck in a work-related accident in 1977. He received AFDC assistance for himself, his wife, and their three minor children for a period of six months following the accident. Thereafter, plaintiff returned to light-duty work. In May 1982, plaintiff and his family were awarded assistance based on plaintiff's incapacity as a parent. (20 C.F.R. sec. 233.10(b)(2)(ii)(a)(2) (1985); Ill. Rev. Stat. 1985, ch. 23, par. 4—1.3.) In January 1985, the Department contacted plaintiff and requested him to provide a current medical report for the purpose of redetermining his parental incapacity.

In response to the request, plaintiff submitted a report from Dr. Berkson dated August 28, 1984. Dr. Berkson found that plaintiff's head was slightly tilted to the left. The range of motion to the neck was approximately 50% of normal; however, the range of motion of the shoulders, elbows, wrists, and hands was full and complete. Grip strength was full and symmetric. An X ray of the cervical spine demonstrated a bony prominence along the paracervical area. Dr. Berkson concluded that the orthopedic assessment was unremarkable. Dr. Berkson noted the absence of neurologic dysfunction. He opined that there was "no reason that this patient cannot be gainfully employed."

Plaintiff also submitted a report from Dr. Bonet, a podiatrist. The report dated December 13, 1984, revealed that plaintiff had undergone foot surgery. Dr. Bonet noted that plaintiff may resume all acti-

vities within four weeks. On that basis, the Department extended plaintiff's assistance an additional month.

The record also includes a report from a chiropractor which indicated that plaintiff ambulated well, but experienced tenderness over his cervical spine. Plaintiff's range of motion was diminished, and he demonstrated a loss of the cervical curve of the spine. The chiropractor opined that his condition was severe enough to prevent him from working.

In February 1985, another medical report revealed diminished grip strength and diminished range of motion in both hands. Plaintiff had scattered synovitis in the small joints but had no symptoms of rheumatic arthritis. Dr. Lichtenberg indicated that fluid had accumulated on plaintiff's left knee. Plaintiff demonstrated diminished lateral flexion of the cervical spine. Treatment consisted of aspirin and prednisone daily. Dr. Lichtenberg had no opinion regarding plaintiff's limitations other than that he could not return to carpentry.

On April 7, 1985, the Department decided that plaintiff was no longer incapacitated. Although plaintiff could not return to carpentry, vocational training was available. Plaintiff was notified that discontinuation was effective in May 1985.

Plaintiff testified at the administrative hearing that he had problems with his neck and hands. When his neck swelled, his head pulled to one side and he experienced pain. He had not experienced this problem for at least three weeks prior to the hearing. He had not undergone surgery for this problem; rather, he was treated with medications. He experienced no limitations of movement in his arms or shoulders. He testified that he could sit, but must change positions, stand, and walk without difficulty. He testified further that he was 43 years old, and he had completed high school and two years of college.

■ Plaintiff's first argument is that the trial court employed an improper standard of review. Plaintiff contends that the trial court must determine whether substantial evidence supports the Department's findings and whether the Department's findings are against the manifest weight of the evidence. In our opinion, an agency's decision will not be overturned unless it is against the manifest weight of the evidence. It is well settled that in an administrative review proceeding, the findings and conclusions of an agency on questions of fact are "prima facie true and correct" (Ill. Rev. Stat. 1985, ch. 110, par. 3—110) and must be affirmed unless against the manifest weight of the evidence. (*Cybularz v. Quern* (1981), 96 Ill. App. 3d 845, 849, 422 N.E.2d 123.) These administrative review provisions have been construed to mean that the courts are not authorized to reweigh evi-

dence or to make an independent determination of facts. (*Broadway v. Secretary of State* (1985), 130 Ill. App. 3d 448, 452, 473 N.E.2d 967.) Thus, in order to reach the conclusion that a particular finding is against the manifest weight of the evidence, this court must be satisfied that an opposite conclusion is clearly evident. (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1100, 477 N.E.2d 1351.) We are satisfied that the trial court employed the proper standard, as it stated in its conclusion that "the final administrative decision was not against the manifest weight of the evidence."

The AFDC program is a joint Federal and State program subject to Federal laws and regulations. (42 U.S.C.A. secs. 602(a), 607 (1986 Supp.); Ill. Rev. Stat. 1985, ch. 23, par. 4—1.3.) The Federal regulations provide that AFDC benefits are available for needy children under the plan who are "deprived of parental support or care by reason of the death, continued absence from the home or physical or mental incapacity of a parent, or unemployment of a father." (45 C.F.R. sec. 233.10(b)(2)(ii)(a)(2) (1985).) The Federal regulations define physical incapacity as follows:

"Physical or mental incapacity of a parent shall be deemed to exist when one parent has a physical or mental defect, illness, or impairment. The incapacity shall be supported by competent medical testimony and must be of such a debilitating nature as to reduce substantially or eliminate the parent's ability to support or care for the otherwise eligible child and be expected to last for a period at least 30 days." (45 C.F.R. sec. 233.90(c)(1)(iv) (1985).)

The AFDC manual defines "incapacity" in a similar manner:

"The physical or mental incapacity of a parent is a basis for a child's eligibility for AFDC-R only if the incapacity is expected to last for a period of at least 30 days and reduces substantially or eliminates a parent's ability to support the child or provide the care that the child requires." (AFDC Manual PO 440.2(a).)

The Federal regulations also provide that the agency will terminate benefits of recipients who no longer satisfy the program's requirements. 45 C.F.R. sec. 233.10(a)(1)(ii)(B) (1985).

■■ The trial court properly found that the Department's decision to terminate AFDC assistance was not against the manifest weight of the evidence. Plaintiff's treating physician, Dr. Baltasar, indicated that plaintiff had chronic cervical strain. Dr. Baltasar, however, did not provide any resulting functional limitations. According to plaintiff's testimony, his only limitation was an inability to sit in one position for a period of time. However, he obtained relief simply by

changing positions. Plaintiff's own testimony provides that he could walk and stand without difficulty.

■ Dr. Berkson, an orthopedic specialist, revealed that an orthopedic assessment of plaintiff was "grossly unremarkable." He could find no evidence of neurologic dysfunction. Dr. Berkson concluded that he could "see no reason that this patient cannot be gainfully employed." Plaintiff argues that Dr. Berkson's opinion should be afforded little weight as he only examined plaintiff on one occasion. Plaintiff contends that his treating physician's opinion should be entitled to greater weight than a consulting physician's opinion. (*Allen v. Weinberger* (7th Cir. 1977), 552 F.2d 781, 782.) Plaintiff's treating physician, Dr. Baltasar, has not provided a detailed assessment. A consulting physician may be entitled to great weight since he may bring both impartiality and expertise to an evaluation. (*Stephens v. Heckler* (7th Cir. 1985), 766 F.2d 284, 289.) Therefore, the Department was entitled to favor Dr. Berkson's opinion and conclude that plaintiff was not incapacitated.

■ Plaintiff also alleged that he experienced swelling in his hands due to arthritis. While Dr. Lichtenberg noted diminished grip strength and diminished movement of both wrists, Dr. Berkson, at a later date, found normal grip strength and full range of motion of the wrists and hands. The agency must resolve conflicting evidence, and its determination should be sustained. (*Carroll v. Board of Review, Illinois Department of Labor* (1985), 132 Ill. App. 3d 686, 691, 477 N.E.2d 800.) In this case, plaintiff testified that with medication, he had not suffered an attack for at least five months.

In sum, the record as a whole supported the agency's determination. Plaintiff was only 43, with a high school education and training in carpentry and refrigeration. His arthritis was controlled with medication. Medical evidence regarding plaintiff's neck indicates that he should be capable of working. Therefore, the Department's determination that plaintiff did not have a physical incapacity that would be expected to last at least 30 days and would reduce his ability to support his children was not against the manifest weight of the evidence.

■ Plaintiff's final argument is that the Department erred in not applying a medical-improvement standard when terminating his benefits. Plaintiff raises this issue for the first time on appeal. An issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Further, an administrative agency ought to have an opportunity to rule on issues in the first instance. (See, *e.g.*, *Village of Hillside v. John Sexton Sand & Gravel Corp.*

(1983), 113 Ill. App. 3d 807, 816, 447 N.E.2d 1047.) Plaintiff has waived the right to present this argument. Therefore, the merits of the argument will not be addressed.

For the foregoing reasons, the trial court's decision is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.