THEODORE VAN GERREWAY, Plaintiff-Appellant, *v.* CHICAGO POLICE BOARD et al., Defendants-Appellees.

(No. 60576; ▮▮▮▮▮▮▮▮)

First District (2nd Division)—December 2, 1975.

Patrick A. Tuite, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Theodore Van Gerreway, a former police patrolman of the city of Chicago, was removed from office following a hearing before the Chicago Police Board. The circuit court of Cook County reviewed the proceedings under the Administrative Review Act and affirmed the order of the Board. Plaintiff appeals from that judgment.

The specifications filed against plaintiff alleged generally:

(1) On November 9, 1970, he violated Rule 2 by being involved in the sale of marijuana to undercover agents of the Illinois Bureau of Investigation;

(2) On November 25, 1970, he again violated Rule 2 by the same type misconduct;

(3) On November 9 and 25, 1970, he violated Rule 20 by failing to transmit information of these impending sales of marijuana to any supervisory member of the Chicago Police Department; and

(4) He violated Rule 44 by associating with one Joseph Mack, a person who had been convicted of a federal crime and confined in a federal penal institution.

The aforementioned rules read as follows:

Rule 2 — Any action or conduct which impedes the Department's efforts to achieve its goals, or brings discredit upon the Department.

Rule 20 — Failure to report promptly to the Department any information concerning any crime or other unlawful action.

Rule 44 — Associating or fraternizing with any persons known to have been convicted of any misdemeanor or felony, either State or Federal, excluding traffic and municipal ordinance violations.

On November 7, 1970, agents Petersik and Cerceo, pursuant to a tip by an informant whose first name was Rudy, proceeded to the Huddle restaurant in the city of Chicago to arrange for a purchase of marijuana. Upon arrival at the restaurant the informant pointed out to the agents two men seated at the counter. These men were plaintiff, Theodore Van Gerreway, and one Joseph Mack. Plaintiff introduced himself and his companion. The agents used only their first names.

Plaintiff then initiated the conversation by stating that, first of all, there was a mutual distrust between all of them. He then proceeded to propose a sale of eight pounds of marijuana for a price of $800. The agents said they only had $100 and besides they wanted to examine the quality of the marijuana before making a purchase. After some bickering, plaintiff and Mack agreed to sell one-half pound of marijuana for $50 that night.

A discussion among them then ensued as to the steps to be taken in carrying out the agreement. After a half-hour of conversation it was understood that Mack would be paid $50 and then Mack and Rudy would proceed to the location of the marijuana and Rudy could inspect it.

Agent Cerceo then handed $50 in prerecorded State funds to Rudy who then departed with Mack. At plaintiff's direction he and the agents drove to another restaurant. Within five minutes plaintiff answered the phone and called agent Cerceo who then talked to Rudy who advised him that "Everything was O.K." Shortly thereafter Mack and Rudy appeared and agent Cerceo accompanied them to Mack's car. Plaintiff remained outside the restaurant with agent Petersik. After agent Cerceo returned with a large bulge underneath his jacket, plaintiff and Mack were advised that they would be notified later about the balance of the marijuana.

The agents proceeded to their office, opened a part of the package and observed "a crumbled green plant material." A Valtox field test at that time indicated "the possible presence of tetrahydra-cannabinal," the active ingredient in marijuana. Agent Cerceo retained custody of the package.

On November 25, 1970, the agents again met plaintiff and Mack and this time a sale was made for $740 and the agents received a large cardboard box containing 12 plastic bags wrapped in a large piece of plastic. The bags contained "crushed plant material resembling marijuana." Within minutes plaintiff and Mack were taken into custody.

The cardboard box and its contents were taken to the agent's office where the agents conducted a Valtox field test and each of the 12 plastic bags was labelled with an exhibit number, dated and initialed. The box was then sealed with scotch tape and delivered to the Chicago Crime Laboratory which subsequently sent its analysis of the crumbled plant material which the agents purchased from plaintiff and Mack on November 25. It was stipulated that the finding of the Chicago Police Department Crime Laboratory, in case No. 70-15894-C, being a narcotics investigation of Theodore Van Gerreway and Joseph Mack concerning the contents of 12 plastic bags (2 tested, 560 gms.) containing "crumbled green plant" submitted by agent Petersik, reflected that chemical and microscopic tests for identity showed Cannabis, commonly referred to as marijuana. This report was submitted into evidence as Exhibit 1.

It was also stipulated that a report of the Illinois Bureau of Investigation Crime Laboratory, dated November 25, 1970, contained a finding by the crime laboratory analyst that in case No. J-702464, being a narcotics investigation of two John Does a/k/a "Joe" and "Ted," concerning the contents of a large yellow envelope, taped to a yellow narcotic control envelope, dated November 10, 1970, 5:10 p.m. and received by the laboratory on November 10, 1970, the chemical and microscopic examination revealed that marijuana and its resin were present; this report was also admitted into evidence as Exhibit No. 2.

Agent Cerceo testified that he was present at the hearing during the testimony of Agent Petersik and if he were asked the same questions as had been asked Agent Petersik, his answers would be substantially the same.

Exhibit No. 3, admitted into evidence, was a copy of the Chicago Police Department's criminal record of Joseph T. Mack, reflecting a conviction in the Federal District Court and a 5-year term in the Federal penitentiary for conspiracy to transport stolen motor vehicles across State lines.

Plaintiff rested after the Police Department's case without testifying or adducing any evidence.

Plaintiff submits two contentions in seeking a reversal:

(1) There was insufficient foundation evidence to establish a chain to show that the material actually sold was marijuana; therefore, there was insufficient evidence to sustain the Board's findings, and

(2) There was no evidence that the John Mack referred to in the testimony was in fact the same John Mack who had the criminal record that was presented to the Police Board, nor was there evidence that plaintiff knew that John Mack had a prior felony record.

■■ Because a single valid finding is sufficient to constitute the basis for entering an order of discharge, we find it unnecessary to consider either of the foregoing contentions. (*Moriarty v. Police Board*, 7 Ill.App. 3d 978, 289 N.E.2d 32.) The record without contradiction reveals that plaintiff failed to promptly report to the Chicago Police Department information concerning any crime or other unlawful action (Rule 20), and was specifically charged as follows:

"* * * in that he had knowledge of impending sales of marijuana on the 9th and 25th of November 1970, and failed to transmit any of this information to any supervisory member of the Chicago Police Department without legal reason or authorization."

■■ Therefore, the crimes of conspiracy to unlawfully sell a narcotic substance were witnessed by and engaged in by plaintiff and another prior to each delivery. The fact that the substance was or was not marijuana does not relieve plaintiff of his failing to report this criminal or unlawful activity.*

In passing we note that a paramount issue in these proceedings is not whether plaintiff is a criminal, but rather is his fitness to retain his office as a patrolman. The record at bar more than adequately establishes he is not.

In view of the foregoing, we affirm the judgment of the circuit court of Cook County affirming the order of the Police Board.

Affirmed.

DOWNING, P. J., and HAYES, J., concur.

---

* The Board, *inter alia*, paragraph 9, found that: "* * * He had personal knowledge of impending sales of a quantity of marijuana and failed to submit any of this information to a supervisory member of the Chicago Police Department."