ROBERT KINTER, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS FOR THE VILLAGE OF PALATINE *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—1386

Opinion filed January 19, 1990.

James R. Truschke & Associates, P.C., of Arlington Heights (James R. Truschke and Kurt A. Richter, of counsel), for appellant.

Glass, Hill, Dallmeyer & Roth, Ltd., of Northbrook (Everette M. Hill, Jr., of counsel), for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff appeals the judgment of the circuit court which affirmed the decision of the Board of Fire and Police Commissioners for the Village of Palatine (the Board) finding plaintiff guilty of the offense of personally disposing of seized property, finding him guilty of insubordination in refusing an order from his superior to submit to a urinalysis test, and further ordered his dismissal from the police force.

Plaintiff raises three issues in this appeal: Whether he was erro-

neously found guilty of the offense of personally disposing of seized property when he was not specifically charged with this offense; whether he was within his right to refuse to submit a sample for urinalysis; and whether dismissal is an appropriate penalty under the circumstances of this case.

On February 26, 1988, plaintiff, a police officer, responded to a nuisance complaint about a party. When he arrived at the address plaintiff saw two young men seated in an automobile and observed movement which caused him to investigate. He approached the car, asked them what they were doing, and when they did not reply, plaintiff ordered them out of the car. He performed a pat-down search of their persons and searched the interior of their car.

Behind a window visor, plaintiff found a packet of a white, powder-like substance. The young men told him they had paid $70 to $75 for the packet of cocaine. Plaintiff testified he opened the packet and upon visual inspection concluded that the contents were not cocaine, although he did not run a field test on the contents. Plaintiff made a note of the youths' names, did not arrest them, and told them to leave. Plaintiff testified that he then returned to his squad car, proceeded down the block, and while doing so flipped the packet out of the window of his vehicle. There were no witnesses. Plaintiff testified that he did not notify anyone of the incident.

On April 15, 1988, shortly after he arrived at the station house, the plaintiff was given written notice of three charges filed against him, by the chief of police: (1) that he had come into possession of a controlled substance from the two suspects while on duty as a police officer and failed to turn the seized property in to the Palatine police department; (2) that he had used controlled substances; and (3) a charge unrelated to this appeal, that while he was off duty he learned of and failed to investigate a complaint of a person in a bar improperly in possession of a firearm.

Plaintiff was then given the opportunity to obtain or consult with counsel. On the day the charges were filed against him, plaintiff's locker was searched, and a Darvocet-N 100 pill was found. His superior officer requested that plaintiff provide a urine sample for analysis. Plaintiff responded that on advice of counsel he would not comply with the request, whereupon plaintiff was charged with insubordination.

Following a hearing before the Board, plaintiff was found not guilty of use of controlled substances and not guilty of failing to investigate a complaint of a person improperly in possession of a firearm.

Plaintiff was also found not guilty of having taken possession of property from suspects and of failing to turn the seized property in to the police department, but was found guilty of the offense of personally disposing of seized property and of the charge of insubordination in failing to submit to a urinalysis. The Board ordered plaintiff's termination from employment as a police officer for the Village of Palatine. He was terminated on July 13, 1988. Plaintiff appealed to the circuit court, which affirmed the Board's decision.

Plaintiff first argues that he was charged only with taking possession of cocaine, a controlled substance, pursuant to section 402(a) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(a)) and failing to turn the controlled substance in to the Palatine police department. Plaintiff concludes that he could not be found guilty of personally disposing of seized property in violation of General Order 82—2R. We do not agree.

█▊ █ The complaint in an administrative hearing need not be as precisely drawn as those before a trial court (*Guzell v. Civil Service Comm'n* (1974), 17 Ill. App. 3d 266, 272, 308 N.E.2d 351, 356), although it must be sufficient to allow the defendant to prepare an adequate defense. (*Martich v. Ellis* (1981), 100 Ill. App. 3d 1098, 1101, 427 N.E.2d 876, 878.) An indictment for one offense serves as an indictment for all lesser included offenses even though they are not specified. (*People v. Vasquez* (1981), 97 Ill. App. 3d 1142, 1143, 424 N.E.2d 42, 43.) Lesser included offenses are defined as offenses which include less than all of the same elements as, or require a less culpable mental state than, the greater offense so that to commit the greater offense one must commit the lesser. *People v. Gulley* (1987), 162 Ill. App. 3d 545, 547, 515 N.E.2d 1309, 1310.

█▊ We find that plaintiff had adequate notice that he might be found guilty of personally disposing of seized material. The charge that he "while on duty as an uniformed Police Officer of the Village of Palatine, Illinois did take possession of cocaine, a controlled substance, pursuant to Illinois Revised Statutes Chapter 56½, Section 1402(a) from the possession and/or control of [the youths] and did fail to arrest either/both individual(s) and did further fail to turn said controlled substance into [*sic*] the Palatine Police Department." The charge was alleged in paragraph 3 of count I of the complaint. Paragraph 4 of count I reads in its entirety:

"4. That the aforementioned constitutes a violation of the following:

A) The 'cause' clause of the Fire and Police Commissioners Ordinance as found in *Village of Palatine Code of Ordinances,*

*Chapter 2, Article XX, Section 2—375.*

B) The following provisions of the Rules and Regulations and General Orders of the Palatine Police Department:

310.02 *STANDARD OF CONDUCT*: Members shall conduct their private and professional lives in such a manner as to avoid bringing the Department into disrepute. Members shall not engage in conduct which constitutes conduct unbecoming an officer or neglect of duty.

305 *OBEDIENCE TO LAWS AND REGULATIONS*: All members, sworn officers and civilian employees shall observe and obey all laws and ordinances, and all rules, regulations and orders of the Department; specifically, official Misconduct [*sic*] as found in *Illinois Revised Statutes, Chapter 38, Section 33—3*.

320.28 *USE OF DRUGS AND/OR CONTROLLED SUBSTANCES:* Possession or use of controlled substance, except with the approval and guidance of a licensed physician of Illinois and with the knowledge of a supervisor, is prohibited.

345.26 *ASSISTING CRIMINALS*: Members shall not communicate in any manner directly or indirectly any information which might aid any person to escape arrest or punishment or which might enable them to conceal evidence, contraband, stolen property or any illegal activity.

*General Order 82—2R (Evidence Preservation and Property Control)*

I. *Policy*

A 2. Under no circumstances will property be kept by any employee in their personal possession beyond their tour of duty or disposed or personally by that employee.

A 8. The taking of property into custody; handling and processing of property; and, its disposition will be conducted within the legal parameters established by statute and judicial decisions.

II. *Authority and Responsibility*

E. Recovering/Investigating Officer

4. Under no circumstances will property be kept by an employee in their personal possession beyond their tour of duty.

5. Under no circumstances will property be disposed of by an employee personally. Only the Property Custodian may dispose of property through the prescribed procedures.

*General Order 86—61 (Evidence Inventory of Narcotics and Drugs)*
   I. *Policy*—The Palatine Police Department shall maintain strict inventory and control of narcotics and dangerous drugs taken into custody."

While not specified in the charge, personally disposing of seized property is clearly and repeatedly prohibited by the specific rules and regulations and general orders under which plaintiff is charged.

Plaintiff erroneously relies on *Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194, 198 N.E.2d 705, where the court made a point-by-point comparison of the charges and findings. (*Sudduth*, 48 Ill. App. 2d at 203, 198 N.E.2d at 711.) While acknowledging a technical variance between the charge and the Board's finding, the court held that the lesser offense was clearly encompassed within the scope of the original charge. *Sudduth*, 48 Ill. App. 2d at 205, 198 N.E.2d at 712.

Plaintiff also cites *Kupkowski v. Board of Fire & Police Commissioners* (1979), 71 Ill. App. 3d 316, 389 N.E.2d 219, where a similar result was reached. The accused officer accidentally ran his squad car off the road and into a retaining wall; he then drove away but the motor died a short distance later. The officer repeatedly denied to his superior officer, who came to investigate, that he had had an accident. The officer was charged with failing to report the accident and lying to his superior officer, both of which actions were found by the hearing officer to be neglect of duty and conduct prejudicial to good order and discipline. The officer was also found guilty of lying to the chief of police and the Board of Fire and Police Commissioners of the Village of Downers Grove, which finding he contended could not stand because he was not charged with lying to the board or the chief of police. (*Kupkowski*, 71 Ill. App. 3d at 320, 389 N.E.2d at 221-22.) The court there found that while the accused officer could have inferred that he might be found guilty of lying to his superior because he was specifically charged with that offense, he could not infer from the charges against him that he might be found guilty of lying to the board or the chief of police. *Kupkowski*, 71 Ill. App. 3d at 321, 389 N.E.2d at 223.

In our case, the charge of personally disposing of seized property was clearly included within the charge of taking possession of a controlled substance and failing to turn the seized property in to the police department as specified in count I of the complaint.

For these reasons, we find that plaintiff was adequately informed of all charges against him, including that of personally disposing of

seized property, the charge of which he was found guilty.

Plaintiff next argues that he was justified and should not have been sanctioned for his refusal to submit a sample for urinalysis. Plaintiff argues that he was suspended at the time the request was made of him and therefore he had no legal duty to obey such an order, and that he was within his legal right in refusing to submit a sample for urinalysis.

■ Plaintiff offers no authority to support his contention that a suspended officer has no duty to obey an order of the chief of police. The record contains his bald assertions that because he had been suspended at the time of the request, he was not a police officer, and that logic and common sense dictate that he was under no duty or obligation to obey the order of his superior when the urinalysis sample was requested.

Black's Law Dictionary defines suspension as "[a] temporary cutting off or debarring one, as from the privileges of one's profession." (Black's Law Dictionary 1297 (5th ed. 1979).) Suspension clearly does not relieve the suspended person of any duty to obey, but merely relieves him of the power associated with his position. Webster's Dictionary defines suspension as a "temporary forced withdrawal from the exercise of office, powers, prerogatives, privileges." (Webster's Third New International Dictionary 2303 (1986).) Plaintiff was removed from duty, but prior to a hearing on the charges, he remained a police officer. Plaintiff admitted that he was paid in full for April 15, 1987, the day on which he was accused, suspended, and the urinalysis requested.

The facts in *Washington v. Civil Service Comm'n* (1983), 120 Ill. App. 3d 822, 458 N.E.2d 952, are similar to those of the case at bar. There an officer suspected of sexual assault was ordered to "submit to blood and saliva tests." (*Washington*, 120 Ill. App. 3d at 828, 458 N.E.2d at 957.) Although that charge is not drug related, as are the charges in our case, the appellate court in *Washington* found the charge to be "a serious breach of departmental rules which, if true, would seriously affect [the officer's] ability to function effectively" (*Washington*, 120 Ill. App. 3d at 829, 458 N.E.2d at 957) and found that the demand was justified. The court held that the officer "was obligated to obey a direct order which was reasonable under the circumstances." *Washington*, 120 Ill. App. 3d at 829, 458 N.E.2d at 957.

Here, the charges levelled against plaintiff which were drug related were directed to his possible use of controlled substances and during a search that day Darvocet N-100 was found in his locker.

The demand that he provide a sample for urinalysis is reasonable under these circumstances. Plaintiff's argument that suspension relieved him of the duty to obey the order of his superior officer to submit a urine sample for analysis is invalid and unsupported by legal authority.

Plaintiff next argues that section 3.11 of the Uniform Peace Officers' Disciplinary Act (Ill. Rev. Stat. 1987, ch. 85, pars. 2551 through 2568) statutorily protects him from the demand for a sample for urinalysis. This section of the statute states that "[i]n the course of any interrogation no officer shall be required to submit to a polygraph test, or any other test questioning by means of any chemical substances, except with the officer's express written consent. Refusal to submit to such tests shall not result in any disciplinary action nor shall such refusal be made part of his or her record." (Ill. Rev. Stat. 1987, ch. 85, par. 2564.) This holding refers only to questioning done with polygraph or chemical aid, and clearly does not encompass a urinalysis. Additionally, the United States Supreme Court resolved the issue of whether testing bodily fluids is a method of interrogation in *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, when it stated that "[n]ot even a shadow of testimonial compulsion upon or enforced communication by the accused was involved either in the extraction or in the chemical analysis. Petitioner's testimonial capacities were in no way implicated; indeed, his participation, except as a donor, was irrelevant to the results of the test, which depend on chemical analysis and on that alone." (*Schmerber*, 384 U.S. at 765, 16 L. Ed. 2d at 916-17, 86 S. Ct. at 1832-33.) For this reason, plaintiff's reliance on section 3.11 of the Uniform Peace Officers' Disciplinary Act is inappropriate.

We find therefore that plaintiff did not have the right to refuse to provide a sample for urinalysis, and his refusal to comply with his superior's order to do so was insubordination.

Plaintiff finally argues that even if the Board's decision as to his guilt is upheld, dismissal is an unjustly harsh penalty under the facts of this case.

In reviewing the decision of an administrative agency, the trial court may not entertain "new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency" and "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) The court cannot impose its own penalty, but must determine whether, under the facts and circumstances of the case, the penalty

imposed was unreasonable, arbitrary, or unrelated to the action. (*Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 411, 438 N.E.2d 147, 151.) If the evidence sustains the agency's decision, that decision must be upheld. *Bultas v. Board of Fire & Police Commissioners* (1988), 171 Ill. App. 3d 189, 194, 524 N.E.2d 1172, 1175.

Plaintiff relies on several cases to support his claim that his dismissal was improper. He cites *Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 488 N.E.2d 1289, where the dismissed police officer had an unblemished seven-year record and her only infraction was being intoxicated while off duty. The court found her dismissal was unwarranted. (*Massingale*, 140 Ill. App. 3d at 382, 488 N.E.2d at 1292-93.) Similarly, in *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, the plaintiff was found to have been driving his own, unlicensed car while on duty and lying to his commanding officer about the incident. The Illinois Supreme Court found these actions too far removed from the plaintiff's duties as a police officer to warrant dismissal. *Kreiser*, 69 Ill. 2d at 30-31, 370 N.E.2d at 513.

However, two other cases are much closer in facts and circumstances to those of our case. In *Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501, the plaintiff had arranged a marijuana buy without the knowledge and consent of his superiors, and thereafter arranged to have the purchased material returned to the seller. (*Reich*, 13 Ill. App. 3d at 1034, 301 N.E.2d at 503.) The court upheld his dismissal. (*Reich*, 13 Ill. App. 3d 1034, 301 N.E.2d at 503.) In *Van Gerreway v. Chicago Police Board* (1975), 34 Ill. App. 3d 511, 340 N.E.2d 28, the plaintiff was twice involved in the sale of marijuana to undercover agents, a fact which he failed to report to his superiors. (*Van Gerreway*, 34 Ill. App. 3d at 511, 340 N.E.2d at 29.) The court, in affirming his dismissal, noted that "a paramount issue in these proceedings is not whether plaintiff is a criminal, but rather [it] is his fitness to retain his office as a patrolman." *Van Gerreway*, 34 Ill. App. 3d at 514, 340 N.E.2d at 31.

■ We address the identical question here. "In disciplinary proceedings against a police officer, a single valid finding of a violation of departmental rules will authorize dismissal. [Citations.]" (*King v. City of Chicago* (1978), 60 Ill. App. 3d 504, 508, 377 N.E.2d 102, 106; see also *Van Gerreway*, 34 Ill. App. 3d at 514, 340 N.E.2d at 31.) Because plaintiff was found guilty of both personally disposing of seized property and insubordination, dismissal is entirely proper.

We find the evidence sufficient to sustain the trial court's decision and that no error was committed in its affirmance of the

Board's decision. Accordingly, the judgment of the trial court as to all issues is affirmed.

Judgment affirmed.

McNAMARA and EGAN, JJ., concur.