NOTICE
Decision filed 04/16/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231092-U

NO. 5-23-1092

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| WOODBINE PARK PRAIRIE ESTATES HOMEOWNERS ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Macon County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) | No. 19-L-7 |
| | ) | |
| CHASTAIN & ASSOCIATES LLC, GREG FOLTZ, and PHILIP COCHRAN, | ) ) ) | Honorable Rodney S. Forbes, |
| Defendants-Appellees. | ) ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the circuit court granting partial summary judgment where the plaintiff failed to demonstrate a genuine issue of material fact concerning an injury in fact, and remaining claims were voluntarily dismissed.

¶ 2    On January 29, 2019, the plaintiff, Woodbine Park Prairie Estates Homeowners Association, filed a complaint against the defendants, Chastain & Associates LLC (Chastain), Greg Foltz, and Philip Cochran, in the circuit court of Macon County, Illinois. An amended complaint was filed on August 5, 2019, a second amended complaint was filed on December 12, 2019, and a third amended complaint was filed on March 9, 2023. The third amended complaint alleged counts of breach of contract, breach of fiduciary duty, fraud, civil conspiracy, spoliation of evidence, and negligence.

1

¶ 3        On July 28, 2023, the circuit court granted summary judgment on all, except two, counts alleged in the third amended complaint. The plaintiff moved to voluntarily dismiss the remaining two counts, which the circuit court granted on October 16, 2023. The plaintiff then timely appealed, raising four issues for this court's consideration. For the following reasons, we affirm the judgment of the circuit court.

¶ 4                                I. BACKGROUND

¶ 5        The plaintiff is the homeowners association for the Woodbine Park Prairie Estates (Woodbine Estates), a residential development located in Macon County, Illinois. The background information concerning the development of the Woodbine Estates has been provided in *Fletcher v. Flynn*, 2024 IL App (5th) 220818, ¶¶ 3-31,[1] a previous opinion issued by this court. As such, it will not be repeated here except as necessary to address the issues within this appeal.

¶ 6        The defendant, Chastain, is an engineering firm and the defendant, Greg Foltz, was the former managing partner of Chastain prior to his retirement. The defendant, Philip Cochran, was the initial surveyor and engineer on the Woodbine Estates development and the former owner of Cochran Engineering.

¶ 7        On January 29, 2019, the plaintiff filed its initial complaint against the defendants containing the following counts: Count 1—Breach of Contract against Chastain; Count II—Breach of Fiduciary Duty against Chastain; Count III—Fraud against Chastain; Count IV—Civil Conspiracy against Chastain, Cochran, and Foltz; and Count V—Spoliation of Evidence against Chastain. The plaintiff's complaint alleged, *inter alia*, that on January 28, 2009, Chastain was retained by the plaintiff "as an expert witness to review and provide an expert report on, amongst

_____

[1]Additional background information regarding the development of the Woodbine Estates is also contained in *Fletcher v. McDonald*, 2013 IL App (4th) 120779-U, ¶¶ 5-18, and *Woodbine Park Prairie Estates Homeowners Ass'n v. Fletcher*, 2011 IL App (4th) 100884-U, ¶¶ 5-20.

other things, Cochran Engineering's work at the property." The plaintiff's complaint alleged that it had filed a lawsuit against the property's developer, Dr. David J. Fletcher, on October 20, 2008, and that the plaintiff had hired Chastain in an effort to join Cochran Engineering as a defendant in that lawsuit.

¶ 8 A written agreement for professional services between the plaintiff and Chastain was attached as an exhibit to the complaint. The agreement was dated January 28, 2009, and the scope of services was stated as: "Prepare a report summarizing IDOT [Illinois Department of Transportation] policies for stream crossings and local road construction." The agreement further stated that "[t]his agreement may be amended only in writing by both the Owner and Engineer" and contained a $50,000 limitation of liability clause. The start date was listed as January 26, 2009, and the completion date was February 27, 2009. No other written agreement or amendment to the January 28, 2009, agreement is alleged in the plaintiff's complaint; however, invoices attached to the complaint indicate that Chastain also performed services from March 1, 2009, to September 26, 2009, and September 28, 2009, to October 15, 2009.

¶ 9 The plaintiff's complaint alleged that in 2008, prior to entering into the above agreement, Chastain was in negotiations to purchase Cochran Engineering and failed to disclose the conflict to the plaintiff. The purchase of Cochran Engineering by Chastain was completed on April 1, 2013. The complaint also alleged that Chastain issued a report on October 1, 2009, which opined that the common area roadways did not conform to IDOT requirements and were "doomed for failure," and that a collapsed bridge over a creek had not been constructed in compliance with IDOT's requirements. The report, however, did not name Cochran Engineering or state that Chastain had been retained to review Cochran Engineering's work at the Woodbine Estates. The complaint further alleged that Chastain failed to address and/or omitted other errors by Cochran Engineering

3

in its report. According to the plaintiff's complaint, the failure of Chastain to specifically name Cochran Engineering in the report resulted in the plaintiff losing the 2008 litigation against the property's developer.

¶ 10    The defendants filed a motion to dismiss the plaintiff's initial complaint on March 29, 2019. The motion to dismiss alleged several defenses, including allegations that the plaintiff's claims were barred by the applicable statutes of limitation and/or failed to allege actual damages. At the hearing on the defendants' motion on August 2, 2019, the plaintiff made a motion to amend its complaint, which the circuit court granted.

¶ 11    The plaintiff filed an amended complaint on August 5, 2019, and the defendants again filed a motion to dismiss alleging the same defenses on August 7, 2019. On November 15, 2019, the circuit court granted, in part, the defendants' motion to dismiss. The circuit court dismissed count II, breach of fiduciary duty, finding that the claim contained no specific allegations that would give rise to the creation of a fiduciary relationship; count IV, civil conspiracy, since the claim commingled three causes of action; and, count V, spoliation, since the claim alleged no facts regarding how the plaintiff was injured or how the injury was proximately caused by the breach. The circuit court further found that the plaintiff had alleged sufficient facts to support an award of prejudgment interest and/or an award of $100,000, based on the damages of "legal fees, the collapse of a bridge, and decrease in homeowner values." The plaintiff was granted 28 days to file an amended complaint.

¶ 12    The plaintiff filed a second amended complaint on December 12, 2019. The plaintiff's second amended complaint contained basically the same allegations as the initial and amended complaints, but separated count IV—civil conspiracy—into three counts directed at each individual defendant. A motion for partial summary judgment on counts III (fraud) and VII

4

(spoliation) was filed by the plaintiff on July 6, 2022, and the defendants filed a motion for summary judgment on all counts on July 7, 2022. The defendants' motion for summary judgment again raised the defenses, *inter alia*, that the plaintiff had failed to allege sufficient facts to support the allegations in the second amended complaint, the plaintiff's claims were barred by the applicable statute of limitations, and/or to the extent plaintiff had alleged a tort, there was no recovery for purely economic losses under the *Moorman*[2] doctrine.

¶ 13　　The plaintiff filed a motion for leave to file a third amended complaint on November 14, 2022, and the circuit court issued two written orders on January 10, 2023. The first written order denied the plaintiff's motion for partial summary judgment on counts III and VII. The second written order denied the defendants' motion for summary judgment on all counts, but granted the defendants' motion to the extent that the plaintiff's $100,000 prayers for relief in the plaintiff's second amended complaint exceeded the limitation of liability clause set forth in the contract and were, therefore, limited to $50,000 pursuant to the agreement.

¶ 14　　On March 1, 2023, the circuit court granted the plaintiff's motion to file a third amended complaint. The plaintiff's third amended complaint, filed on March 9, 2023, reflected the same allegations contained in the second amended complaint, but added count VIII, a claim of negligence against Chastain. In the interest of brevity and for ease of reference, additional information regarding the third amended complaint is provided in our analysis below. On April 26, 2023, the defendants filed a motion for partial summary judgment on the negligence count (count VIII).

¶ 15　　On July 28, 2023, by docket entry, the circuit court made the following ruling:

---

[2]See *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982).

"Cause removed from advisement. Defendant's Motion for Summary Judgment as to Count 7 (actually Count 8—Negligence) is granted. The court finds Defendant's case authority to be persuasive. The tort claim of Negligence is barred by the Moorman doctrine. Accordingly, there is no need to address the statute of limitations or the limitation of liability issues.

Further, the court reconsiders its ruling on Defendant's Motion for Summary Judgment as to Count 2—Breach of Fiduciary Duty as to Chastain. The court previously found that there was a question of fact as to whether the Defendant had a special relationship with the Plaintiff that created a fiduciary duty. Upon further review, the court finds that, in this particular case, the issue of whether a fiduciary duty exists is a matter of law to be determined by the court. This court makes this finding, in part, based on consideration of Ferentchak vs. Village of Frankfort, 605 ILL. 2d 474, and Yokel v. Hite, 348 Ill. App. 3d 703. Specifically, the court finds as a matter of law that Chastain, in his capacity as an engineer, did not have a fiduciary relationship with the Plaintiff. Upon reconsideration, Count 2—Breach of Fiduciary duty as to Chastain is dismissed with prejudice.

Having found that [it] is proper to dismiss Count 2, the court reconsiders its order on Defendant's Motion for Summary Judgment as to Count 3 Fraud. Plaintiff's claim of fraud is based on a theory of fraud by omission of a material fact. In order to prevail on a claim of fraud by omission of material fact, Plaintiff must show that Defendant had a special or fiduciary relationship which would raise a duty to speak in addition to the other elements of fraud. Lideckor vs. Kendall College, 194 ILL. App.3d 309, 317, 141 Ill.Dec. 75, 550 N.E.2d 1126. Because the

court has determined as a matter of law that there was no fiduciary relationship between the parties, Plaintiff cannot prove all the elements necessary to sustain a cause of action based on fraud, and/or the claim cannot survive the application of the Moorman doctrine. Upon reconsideration, Defendant's Motion for Summary Judgment is granted. Count 3 is dismissed with prejudice.

Similarly, having found that Count 3 should be dismissed, the court reconsiders its ruling on Defendant's Motion for Summary Judgment as to Count 4, 5, and 6—Claims of Civil Conspiracy. In order to sustain a claim of Civil Conspiracy, Plaintiff must allege the existence of an agreement and a tortious act committed in furtherance of the agreement. Lewis vs. Lead Industries Association, et al. 2020 IL 124107. Having dismissed Count 2 (Breach of Fiduciary Duty) and Count 3 (Fraud), the court finds that the Plaintiff cannot establish that Defendant committed a tortious act. Upon reconsideration, Defendant's Motion for Summary Judgment is granted. Counts 4, 5, and 6 are dismissed with prejudice.

The jury allotment of 08/21/2023 is confirmed as to Count 1 (Breach of Contract) and Count 7 (Spoliation)."

¶ 16    On October 10, 2023, the plaintiff moved to voluntarily dismiss the remaining two counts without prejudice pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2022)). The circuit court granted the plaintiff's request on October 16, 2023, and the plaintiff filed a notice of appeal bringing this matter before this court.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, the plaintiff raises the issue of whether the circuit court committed reversible error in granting summary judgment on counts II, III, IV, V, and VI of the plaintiff's third amended

7

complaint on the basis that the defendants did not owe a duty to the plaintiff. The plaintiff argues that the circuit court found no fiduciary relationship between the plaintiff and Chastain in his capacity as an engineer, but failed to address whether a fiduciary relationship existed between the plaintiff and Chastain in his capacity as an expert. The plaintiff further argues that count VIII was not barred by the *Moorman* doctrine.

¶ 19    We agree with the plaintiff that there was a genuine issue of material fact concerning whether Chastain was hired as an engineer and/or an expert, and that the circuit court should have addressed both in its determination of whether a fiduciary relationship existed between the parties. It would, however, be a waste of judicial resources for this court to address the issues raised on appeal, because our review of the record on appeal makes clear that, regardless of the outcome of the issues raised, summary judgment would still be appropriate where the plaintiffs' third amended complaint failed to plead or demonstrate the existence of an injury in fact regarding all counts.

¶ 20    We review a grant of summary judgment *de novo* and in the light most favorable to the nonmoving party. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). Summary judgment is proper when the pleadings, affidavits, dispositions, admissions, and exhibits on file demonstrate that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022); *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 38-39 (2003). A material fact is a fact that might affect the outcome of the case under the applicable substantive law. *GreenPoint Mortgage Funding, Inc. v. Hirt*, 2018 IL App (1st) 170921, ¶ 17.

¶ 21    A defendant moving for summary judgment may meet the initial burden either by affirmatively showing that some element of the case must be resolved in their favor or by demonstrating the absence of evidence to support the plaintiff's position on one or more elements of the cause of action. *Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351,

355 (2000). While the party opposing a motion for summary judgment is not required to prove their case, they have a duty to present a factual basis which would arguably entitle them to judgment in their favor. *Winnetka Bank v. Mandas*, 202 Ill. App. 3d 373, 387 (1990). This court may also affirm a circuit court's judgment on any basis supported by the record, regardless of the reasoning employed by the circuit court, (*Scassifero v. Glaser*, 333 Ill. App. 3d 846, 860 (2002)), and we elect to do so in this matter.

¶ 22    In its final judgment, the circuit court found that the plaintiff could not "prove all the elements necessary to sustain a cause of action based on fraud." Although the circuit court only addressed necessary elements regarding the plaintiff's fraud claim, our *de novo* review of the pleadings, affidavits, dispositions, admissions, and exhibits in this matter, indicates that the element of injury is dispositive to all of the plaintiff's claims and as such, dispositive to this appeal.

¶ 23    Illinois is a fact-pleading jurisdiction, and a plaintiff must allege sufficient facts to bring his or her claim within the cause of action asserted. *Reuter v. MasterCard International, Inc.*, 397 Ill. App. 3d 915, 928 (2010). Each of the plaintiff's claims have an injury as an element of the cause of action. See *id*. at 928 (civil conspiracy is an intentional tort requiring injury); *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1010 (2010) (injury element of fraud and breach of fiduciary duty); *Jones v. O'Brien Tire and Battery Service Center, Inc.*, 374 Ill. App. 3d 918, 924 (2007) (injury required for claim of spoliation); *Cosgrove v. Commonwealth Edison Co.*, 315 Ill. App. 3d 651, 654 (2000) (injury required for negligence action).

¶ 24    The plaintiff bears the burden to produce evidence, either direct or circumstantial, to show that the injury exists and also that the injury was the result of the occurrence at issue. *Mesick v. Johnson*, 141 Ill. App. 3d 195, 204 (1986). Liability cannot be predicated on speculation, surmise,

9

or conjecture and thus, a plaintiff must establish with reasonable certainty that the defendant's acts or omissions caused the injury. *Berke v. Manilow*, 2016 IL App (1st) 150397, ¶ 34.

¶ 25    In this matter, the plaintiff's third amended complaint stated in a "Loss of the Litigation and Resulting Damages" section, that Chastain's failure to adequately represent the interests of the plaintiff resulted in the loss of the 2008 litigation. The plaintiff's complaint then went on to allege damages in connection with the loss of 2008 litigation. Each specific count of the plaintiff's third amended complaint alleged the same injury; that is, "amongst other things, preventing the inclusion of Cochran Engineering as a defendant wrongdoer in the [2008] Litigation and also directly caused and led to the dismissal and loss of the [2008] Litigation."

¶ 26    The loss of the 2008 litigation due to the defendants' conduct is not defined with any specificity. Nothing in the plaintiff's third amended complaint described how the loss of the 2008 litigation caused, or contributed to cause, damages to plaintiff. Indeed, the plaintiff's third amended complaint failed to establish, with any reasonable certainty, either through its pleadings or supporting documents, that the defendant's acts or omissions caused the loss of the 2008 litigation.

¶ 27    The function of summary judgment is to determine the existence or absence of triable issues of fact and must be based on evidentiary facts, not on the allegations of the pleadings. *Winnetka Bank*, 202 Ill. App. 3d at 387. Here, we have only the plaintiff's allegations that the defendants' actions caused the loss of the 2008 litigation and no evidentiary facts which would arguably entitle them to judgment in their favor.

¶ 28    The plaintiff's allegation that the loss of the 2008 litigation was due to Chastain's failure to adequately represent the interests of the plaintiff is belied of reasonable certainty where the record reveals the decision by the plaintiff to discontinue funds to continue the pursuit of the

10

litigation. The minutes from the special meeting of the plaintiff on March 8, 2010, indicate that the developer's sister, who along with the developer held a voting majority, stated that no annual assessment funds should go toward the funding of any lawsuit directed at the developer, and made a motion that the 2008 lawsuit either be handled by an attorney on a contingency basis or be "canceled." The motion passed and thereafter, several board members resigned. Counsel for the plaintiff in the 2008 litigation withdrew his representation, the developer filed a motion for summary judgment, and the circuit court granted summary judgment with no appearance or opposition from the plaintiff. Based upon the voting majority's decision not to proceed, it becomes pure speculation that any injury caused by the loss of the 2008 litigation was the result of the defendants' conduct rather than the plaintiff's own conduct.

¶ 29    Accordingly, based on reasoning supported by the record on appeal, we find that summary judgment in the defendants' favor is proper where the plaintiff failed to demonstrate a genuine issue of material fact concerning an injury in fact with any reasonable certainty. Therefore, we affirm the judgment of the circuit court.

¶ 30                                  III. CONCLUSION

¶ 31    Based on the foregoing, we affirm the judgment of the circuit court granting summary judgment and dismissing counts II, III, IV, V, VI, and VIII of the plaintiff's third amended complaint.


¶ 32    Affirmed.